402 So.2d 848 (1981)
Thad RICHARDSON, Jr., Alias Johnny Otis Richardson, Alias Daniel Richardson, Alias Ernest Ray Dixter, Alias Earnest Ray Sixter,
v.
STATE of Mississippi.
No. 52766.
Supreme Court of Mississippi.
August 26, 1981.
*849 Stella Terrell, Jackson, for appellant.
Bill Allain, Atty. Gen. by Carolyn B. Mills, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROBERTSON, P.J., and WALKER and LEE, JJ.
LEE, Justice, for the Court:
Thad Richardson, Jr., was indicted, tried and convicted in the Circuit Court of Pike County, Honorable Joe N. Pigott, presiding, for burglary of a dwelling house and was sentenced to serve a term of eight years in the Mississippi State Penitentiary. He has appealed and assigns five errors in the trial below.
The evidence for the state reflects that on August 19, 1978, Higdon Hudson and John Hudson, his son, drove up to Higdon Hudson's home in their pickup truck. They noticed a Buick automobile speeding away from behind the house, the trunk lid was up and Mr. Hudson's television set was in the trunk. John Hudson jumped into his own car, which was parked near the house, and gave pursuit. Higdon Hudson went into the house and saw that the back door had been broken open and discovered that his television set, three guns, a chain saw and two jewelry boxes had been stolen. He got a pistol from the bedroom and left the house in the truck to find his son.
Approximately one mile from the Hudson residence Higdon Hudson found the two cars. Inside the Buick car (stuck in a ditch) was the property that had been taken from Hudson's home. Higdon Hudson saw his son nearby and he was holding the appellant. When Hudson approached the appellant, he pleaded with Hudson to allow him to carry the stolen property back to the Hudson home and begged him not to have him arrested and prosecuted. John Hudson asked his father to give him the pistol, being afraid that the elder Hudson might discharge it at appellant. The appellant then ran off into the woods and John Hudson fired the pistol into the ground but appellant continued to run. The Hudsons returned home, notified the police of the incident and gave them a description of the appellant.
Subsequent to the day of the burglary, the brother of appellant went to the officers, reported that his 1974 Buick automobile, which was the one involved in the burglary, had been stolen and that his brother, the appellant, was the person who had taken it. Appellant was visiting in the home of his mother at the time of the incident, and he left the community and returned to New Orleans where he had been living. He owned, and was driving, a white Dodge Dart automobile. At trial, John Hudson and Higdon Hudson positively identified the appellant as the person who had driven the Buick automobile away from the Hudson home and as the person whom John Hudson caught and held at the place where the automobile was stuck and as the person who then fled into the woods.

I.
Four assignments of error may be consolidated into one question, viz, whether the lower court erred in sustaining appellant's *850 motion to act as co-counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution and whether or not from the totality of the proceedings in the lower court the appellant received a fair trial.
After appellant's indictment and arrest, he made it known to the court that he was indigent and the court appointed a competent attorney to represent him. It developed, however, that appellant was not happy or satisfied with his appointed counsel and filed a pro se motion for the court to permit him to act as co-counsel in his own defense, which the court granted. The appellant still was not satisfied with the situation and insisted that the court discharge his appointed attorney. That attorney also filed a motion to be permitted to withdraw as counsel in view of such developments. The court did not permit counsel's withdrawal but required him to sit at the counsel table, to be present and available for any advice or assistance to appellant. Also, at trial, another attorney was present at the counsel table at the request of the first-appointed attorney and he and the other attorney were present during the trial, made suggestions, and offers of advice and assistance, drew instructions, and participated to some extent in the trial of the case. The appellant, throughout the trial, although stating that he was not a lawyer and was not qualified to represent himself, stubbornly and vehemently refused the help and assistance of court-appointed counsel, saying in open court on twenty different occasions that he did not want a "state-appointed attorney."
The appellant cross-examined all witnesses for the state. The examinations by him of those witnesses were repetitious and argumentative. His conduct in the trial indicated that he had previous experience in pro se representation and that he had some knowledge of trial procedure.
In Matthews v. State, 394 So.2d 304 (Miss. 1981), the Court said:
Every accused has a constitutional right to be represented by an attorney. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). A waiver of that right may occur at any time, before or during the trial, but it must be made with a full understanding of its disadvantages and consequences. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); Boyd v. Dutton, 405 U.S. 1, 92 S.Ct. 759, 30 L.Ed.2d 755 (1972); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).
(394 So.2d at 308-309)
The United States Supreme Court stated the principle in Westbrook v. Arizona, 384 U.S. 150, 86 S.Ct. 1320, 16 L.Ed.2d 429 (1966):
The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused  whose life or liberty is at stake  is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused.
(384 U.S. at 150, 86 S.Ct. at 1321, 16 L.Ed.2d at 130)
On the other hand, an accused has a constitutional right to represent himself and to present his own case pro se without an attorney. In Gray v. State, 351 So.2d 1342 (Miss. 1977), this Court stated the following:
Mississippi Constitution Article 3, section 26 (1890) provides in part:
In all criminal prosecutions the accused shall have a right to be heard by himself or counsel, or both,...
The refusal to permit defendant to argue his case is in direct violation of the above constitutional provisions and requires reversal.
(351 So.2d at 1345)
We also said in Matthews v. State, supra:
An accused could place the trial judge in a difficult situation by insisting on a pro se trial, and, upon conviction, claim that he/she did not have the benefit of counsel and did not knowingly waive counsel. Again, if the court refused to *851 permit an accused to represent himself/herself, and required him/her to have counsel present the case, the accused could contend that he was denied his/her constitutional right in not being permitted to present his/her defense pro se. In such delicate situations, the question of counsel waiver must be determined on the facts of each case. In the case sub judice, the attorneys appointed for the appellants were required to remain in the courtroom within a few feet of the appellants during the four days of trial and were present, ready, willing and able to advise, counsel and assist the appellants. In fact, Matthews did call upon her appointed attorney at times for advice. We are of the opinion that the trial judge, who observed and talked with Matthews prior to trial and for four days during the trial, was in the best position to know whether or not she executed a knowledgeable waiver of counsel and was mentally competent to do so, and that he did not err in overruling the motion for a new trial.
On Jacob's appeal, the sole question presented is that he was denied the benefit of counsel and that he did not knowingly waive counsel. The record is replete to the contrary and is uncontradicted that he did knowingly waive counsel. (394 So.2d at 311)
The record reflects that appellant, throughout the trial was stubborn, insolent, uncooperative and trying toward the trial judge. Suffice it to say, the trial judge was patient, tolerant, and fair toward the appellant during the entire trial and he took great precaution to insure the constitutional rights of the appellant and to see that he received a fair trial. There is no merit in the first four contentions of the appellant presenting the question that his constitutional rights were violated when the court permitted him to act as co-counsel and that he was denied a fair trial throughout the case.

II.
Did the lower court err in refusing appellant's requested jury instruction No. 11?
Appellant requested and was refused instruction D-11 which follows:
The court instructs the jury that the fact that the defendant does not testify in this cause is not to be considered unfavorably to him by the jury in the trial of the case.
The trial judge refused the instruction with the following statement: "This is a comment on the failure of the defendant to testify."
The appellant did not testify in the case, although he asked all questions of the state's witnesses and examined all witnesses called by him. Mississippi Code Annotated section 13-1-9 (1972) states the following:
The accused shall be a competent witness for himself in any prosecution for a crime against him. The failure of the accused, in any case, to testify shall not however operate to his prejudice or be commented on by counsel.
In Wood v. State, 221 Miss. 901, 74 So.2d 851 (1954), Wood did not testify and the court refused the following instruction:
The court instructs the jury for the defendant that they as jurors have no right under the law to draw any unfavorable inference against the defendant because he did not testify in this case.
(221 Miss. at 907, 74 So.2d at 853)
This Court held that the refusal of the instruction was error and that it should have been given. However, the error was held to be harmless and the case was not reversed. The Court cited Funches v. State, 125 Miss. 140, 87 So. 487 (1921), where it was error to refuse a similar instruction requested by the defendant. That case was reversed because of two other prejudicial errors. The Wood Court also cited Spencer v. State, 157 Miss. 624, 128 So. 770 (1930), where the instruction was refused and the Spencer Court stated that the error was harmless because the defendant's guilt was manifest.
In Rose v. State, 222 Miss. 699, 76 So.2d 835 (1955), the trial court's refusal to grant *852 the instruction was error but the facts were similar to the Wood case and the error was called harmless. In Haynes v. State, 27 So. 601 (Miss. 1900), refusal to grant the instruction was held error.
The United States Supreme Court spoke to the question in March 1981 in the case of Carter v. Kentucky, ___ U.S. ___, 101 S.Ct. 1112, 67 L.Ed.2d 241. The Court said:
Just as adverse comment on a defendant's silence "cuts down on the privilege by making its assertion costly," Griffin, 380 U.S. [609] at 614, 85 S.Ct. [1229] at 1232 [14 L.Ed.2d 106], the failure to limit the jurors' speculation on the meaning of that silence, when the defendant makes a timely request that a prophylactic instruction be given, exacts an impermissible toll on the full and free exercise of the privilege. Accordingly, we hold that a state trial judge has the constitutional obligation, upon proper request to minimize the danger that the jury will give evidentiary weight to a defendant's failure to testify.
(___ U.S. at ___, 101 S.Ct. at 1121-22, 67 L.Ed.2d at 253)
* * * * * *
The only state interest advanced by Kentucky in refusing a request for such a jury instruction is protection of the defendant: "the requested `no inference' instruction ... would have been direct comment by the court and would have emphasized the fact that the accused had not testified in his own behalf." Green v. Commonwealth, Ky., 488 S.W.2d 339-341. This purported justification was specifically rejected in the Lakeside [435 U.S. 333, 98 S.Ct. 1091, 55 L.Ed.2d 319] case, here the Court noted that "[i]t would be strange indeed to conclude that this cautionary instruction violates the very constitutional provision it is intended to protect." 435 U.S., at 339, 98 S.Ct., at 1094. (___ U.S. at ___, 101 S.Ct. at 1120-21, 67 L.Ed.2d at 254)
Thus, the U.S. Supreme Court has held that denial of the instruction violates the constitutional rights of a defendant. Kentucky argued that evidence of the petitioner's guilt was overwhelming and could not be explained and any constitutional error committed by the state courts was harmless, citing Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). However, the Carter Court said: "While it is arguable that a refusal to give an instruction similar to the one that was requested here can never be harmless, we decline to reach the issue because it was not presented to or considered by the Supreme Court of Kentucky. ___ U.S. at ___, 101 S.Ct. at 1121, 67 L.Ed.2d at 253-254.
Refusal to grant the instruction in criminal cases constitutes error. However, in the case sub judice, the appellant, in the presence of the jury, while cross-examining witnesses, four times denied that he committed the burglary. In the presence of the jury, four times he stated that he was somewhere else than the Hudson home when the burglary was committed. On nine different occasions, in the presence of the jury, he stated that the two principal witnesses for the state (Hudsons) were lying. Appellant contended throughout his examinations of the witnesses that he was in New Orleans, Louisiana, at the time the crime was committed and that the person who probably committed the crime was his brother. Although not sworn, he placed before the jury by his own words and statements his defense of alibi and his denial that he was implicated in the crime.
The identification of appellant as the burglar and his guilt of the crime were proved beyond reasonable doubt by overwhelming evidence. Therefore, under the facts of this case, we are of the opinion that refusal to grant the requested instruction D-11 constitutes harmless error and that the judgment of the lower court should be affirmed. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), and Austin v. State, 384 So.2d 600 (Miss. 1980).
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P.JJ., and SUGG, WALKER, BROOM, BOWLING and HAWKINS, JJ., concur.