**COMMONWEALTH of Kentucky,**
**Movant,**

v.

**Joe McINTOSH, Jr., Respondent.**

Supreme Court of Kentucky.

Feb. 16, 1983.

**44**

Steven L. Beshear, Atty. Gen., Suzanne Guss, Asst. Atty. Gen., Frankfort, for movant.

Jack Emory Farley, Public Advocate, Frankfort, Eleanore M. Garber, Allison, Soreff & Garber, Louisville, for respondent.

WINTERSHEIMER, Justice.

This appeal is from a judgment entered April 30, 1981, based on a jury verdict convicting McIntosh of receiving stolen property and sentencing him to two years in prison. The Court of Appeals reversed and remanded. We reverse the Court of Appeals and reinstate the conviction.

The only issue is whether the trial court's failure to give an instruction that no adverse inference should be drawn from the failure of the accused to testify is reversible error.

The Court of Appeals found that the case of *Carter v. Kentucky,* 450 U.S. 288, 101 S.Ct. 1112, 67 L.Ed.2d 241 (1981), was dispositive of the issue.

McIntosh was convicted of receiving stolen property consisting of four shotguns and three pistols. He did not testify in his own defense. Prior to the trial judge's instructions to the jury, the defense counsel requested an instruction on his election not to testify. The instruction was not given. The Court of Appeals reversed on the basis of *Carter, supra.* It did concede that the evidence of guilt was substantial. This review followed.

In *Carter,* the United States Supreme Court held that a Kentucky trial court is constitutionally required, upon proper request, to instruct the jury that no adverse inferences may be drawn from the defendant's failure to testify. The Supreme Court declined to reach the question of harmless error because it was not presented to the Supreme Court of Kentucky.

Consequently, *Carter* leaves open the question of whether under certain circumstances the failure to give the requested instruction could be nonprejudicial error pursuant to the standard set in *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

We are persuaded that the Mississippi Supreme Court reached a reasonable disposition of a similar question in *Richardson v. Mississippi,* 402 So.2d 848 (1981). As early as 1930, Mississippi held that the failure to give such an instruction, although error, was harmless if guilt was manifest. *Spencer v. State,* 157 Miss. 624, 128 So. 770 (1930). In *Richardson, supra,* Mississippi held that where guilt is established beyond a reasonable doubt by overwhelming evidence the

failure to give such an instruction is harmless. Other cases which follow this rule include *Franklin v. State,* Nev., 646 P.2d 543 (1982) and *Parker v. State,* Ind., 425 N.E.2d 628 (1981). We agree.

Here proof of guilt was overwhelming. Because of his conversation with Raleigh several days after the theft, McIntosh was on notice that the guns had been stolen. The guns were stored in an abandoned house near McIntosh's home. They were distributed by him with an admonition to get rid of them by selling or throwing them off a bridge if necessary. The evidence when viewed as a whole clearly supports the jury verdict of conviction. The Court of Appeals agreed that the evidence was substantial. That court improperly applied the rule enunciated in *Chapman, supra* and applied in Kentucky in *Niemeyer v. Commonwealth,* Ky., 533 S.W.2d 218 (1976), and *Abernathy v. Commonwealth,* Ky., 439 S.W.2d 949 (1969). The doctrine of nonprejudicial error, sometimes called "harmless error," is that in determining whether an error is prejudicial, an appellate court must consider whether on the whole case there is a substantial possibility that the result would have been any different. A careful examination of the record does not indicate that any different result would have been achieved in this case.

It is the holding of this Court that the failure to give a requested instruction on the effect of the defendant's refusal to testify can be nonprejudicial error if there is overwhelming evidence of guilt and the result would not have been any different when the case is considered as a whole.

The decision of the Court of Appeals is reversed. The original conviction is reinstated.

All concur.