**Stephen Jonathon GOURLEY,
Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

**No. 1999–CA–002335–MR.**

Court of Appeals of Kentucky.

Feb. 2, 2001.

Bill Clemons, Department of Public Advocacy, Hazard, KY, Brief and Oral Argument for Appellant.

Albert B. Chandler III, Attorney General of Kentucky, Gregory C. Fuchs, Assistant Attorney General, Frankfort, KY, Brief for Appellee.

Gregory C. Fuchs, Frankfort, KY, Oral Argument for Appellee.

Before GUDGEL, Chief Judge; COMBS and McANULTY, Judges.

### OPINION

COMBS, Judge:

The appellant, Stephen Jonathan Gourley (Gourley), appeals from the judgment of the Letcher Circuit Court convicting him of robbery in the first degree and sentencing him to eleven-years' imprisonment. He argues on appeal that the court erred by failing to follow the sentencing procedures set out in Kentucky Revised Statute (KRS) 640.030. Having carefully reviewed the record, we vacate and remand the judgment of the circuit court.

Gourley was arrested on September 2, 1998, for the robbery of a bank located in Letcher County, Kentucky; he was seventeen years of age at the time of the robbery. The Commonwealth filed a juvenile petition against Gourley, and he was brought before Letcher District Court, Juvenile Session, for arraignment. At the arraignment, the Commonwealth moved to transfer Gourley to the circuit court pursuant to KRS 635.020 and to proceed against him as a youthful offender. After conducting a hearing on the matter, the district court found that probable cause existed that Gourley had committed the robbery, that a firearm was used in the commission of the offense, and that he was more than fourteen years of age when the crime was allegedly committed. Based upon these findings, the district court transferred Gourley to the circuit court to be tried as a youthful offender pursuant to procedures set forth at KRS Chapter 640.

The case proceeded forward, and in August 1999, Gourley was tried before a jury. He was found guilty of first-degree robbery, and the jury recommended a sentence of eleven-years' imprisonment. Subsequently, on August 26, 1999, the court entered an order directing the Division of Probation and Parole to prepare a presentence investigation report (PSI report) on Gourley and scheduling his sentencing hearing for August 30, 1999.

On August 27, 1999, Gourley filed a motion objecting to the preparation of his PSI report by the Division of Probation and Parole. He claimed that KRS 640.030 *mandates* that the Department of Juvenile Justice (rather than the Division of Probation and Parole) prepare the PSI report in a case involving a youthful offender. Gourley also filed motions: (1) to compel the Department of Juvenile Justice to prepare the PSI report and (2) to request a

continuance in order to allow time for the Department of Juvenile Justice time to prepare it accordingly. At the sentencing hearing, Gourley again moved the court for a continuance based upon his objection and previous motions regarding the preparation of the PSI report. The Commonwealth did not oppose Gourley's motion, recognizing that KRS 640.030 appeared to support his position. However, the court orally denied Gourley's motion, stating that the PSI report prepared by the Division of Probation and Parole was sufficient since Gourley was "out of the services" of the Department of Juvenile Justice as he had attained the age of eighteen years. Citing the violent nature and seriousness of the crime, the court found that probation was not appropriate and sentenced Gourley to elevenyears' imprisonment in accordance with the jury's recommendation. This appeal followed.

Gourley argues on appeal that the court did not follow the sentencing procedures applicable to youthful offenders. He contends that the court erred in directing the Division of Probation and Parole to prepare the PSI report and in failing to treat and to sentence him as a youthful offender.

■ A "youthful offender" is defined as "any person regardless of age, transferred to Circuit Court under the provisions of KRS Chapter 635 or 640 and who is subsequently convicted in Circuit Court." KRS 600.020(56). The procedures for sentencing youthful offenders are set out in KRS 640.030, which provides:

A youthful offender, if he is convicted of, or pleads guilty to, a felony offense in Circuit Court, shall be subject to the *same type of sentencing procedures and duration of sentence, including probation and conditional discharge, as an adult convicted of a felony offense,* except that:

(1) The presentence investigation required by KRS 532.050 *shall be prepared by the Department of Juvenile Justice* or by its designated representative;

(2) Except as provided in KRS 640.070, any sentence imposed upon the youthful offender shall be served in a youth facility or program operated by the Department of Juvenile Justice until the expiration of the sentence, the youthful offender is paroled, the youthful offender is probated, or the youthful offender reaches the age of eighteen (18), whichever first occurs. If an individual sentenced as a youthful offender attains the age of eighteen (18) prior to the expiration of his sentence, and has not been probated or released on parole, that individual shall be returned to the sentencing court. At that time, the sentencing court shall make one (1) of the following determinations:

(a) Whether the youthful offender·shall be placed on probation or conditional discharge;

(b) Whether the youthful offender shall be returned to the Department of Juvenile Justice to complete a treatment program, which treatment program shall not exceed a period in excess of six (6) months. At the conclusion of the treatment program or at the expiration of six (6) months, whichever first occurs, the individual shall be finally discharged; or

(c) Whether the youthful offender shall be incarcerated in an institution operated by the Department of Corrections;

(3) *If a child has attained the age of eighteen (18) prior to sentencing, he shall be returned to the sentencing court at the end of a six (6) month period if he has been sentenced to a period of placement or treatment in a Department of Juvenile Justice youth facility or program.* The court shall have the same dispositional options as currently provided in subsection (2) of this section, except that youthful offenders shall not remain in the care of the Department of Juvenile Justice after the age of nineteen (19); and

(4) A youthful offender who is a sexual offender as defined by KRS 197.410(1)

shall be provided a sexual offender treatment program as mandated by KRS 439.340(10) by the Department of Juvenile Justice pursuant to KRS 635.500 if the youthful offender has not been transferred to the Department of Corrections pursuant to KRS 640.070.

(Emphases added). In summary, while a youthful offender is subject to the same penalty as an adult, he is nonetheless eligible for the ameliorative sentencing procedures authorized in KRS 640.030. The court has broad discretion in dealing with whether to probate or conditionally discharge the juvenile, to send him for treatment, or to commit him to an adult correctional system upon attainment of the age of majority.

■ Furthermore, youthful offenders are subject to KRS Chapter 533, "Probation and Conditional Discharge," the statute governing the probation of adult offenders. *Johnson v. Commonwealth,* Ky., 967 S.W.2d 12 (1998). KRS 533.010 enumerates the factors to be utilized by the court in probation or parole determinations under KRS 640.030(2). *Id.* KRS 533.010 directs the court to consider the nature and circumstances of the crime—as well as the history, character, and condition of the defendant.

■ In this case, we believe that the circuit court erred in directing the Division of Probation and Parole to prepare the PSI report. KRS 640.030(1) designates that this duty be performed by the Department of Juvenile Justice in cases involving youthful offenders. Although conceding the error, the Commonwealth nonetheless argues that it was not prejudicial and that it did not affect Gourley's substantive rights. We disagree.

■ In determining whether an error was prejudicial, the appellate court must review the whole case and consider whether there is a substantial possibility that—but for the error—the result would have

been different. *Commonwealth v. McIntosh,* Ky., 646 S.W.2d 43 (1983). Although Gourley had reached the age of eighteen by the time of his sentencing, he was nevertheless a "youthful offender" as defined in KRS 600.020(56). The trial court's failure in this case to follow the directive of KRS 640.030(1) and its comment that Gourley was no longer in the services of the Department of Juvenile Justice indicate that the court did not consider him a youthful offender. We must conclude, therefore, that it may not have entertained or weighed the alternative sentencing options available under KRS 640.030. Thus, in light of the various sentencing options available to the court in sentencing a youthful offender, a different result indeed might have occurred in this case.

■ Upon remand, Gourley is not necessarily entitled to a different sentence. Rather, the court must render a sentence in accordance with the sentencing procedures for youthful offenders set forth in KRS 640.030—including the preparation of a PSI report by the Department of Juvenile Justice. The discretion of the court as to whether to probate, to conditionally discharge, or to sentence Gourley to an adult prison remains intact and undisturbed by this opinion.

■ Additionally, Gourley argues that pursuant to KRS 640.030(3), the court is required to sentence him for six months either to a youth program or to a facility operated by the Department of Juvenile Justice. We disagree. KRS 640.030(3) applies to the situation in which a juvenile has attained the age of eighteen prior to sentencing. The statute gives the court the option of sentencing an eighteen-year-old youthful offender to a youth facility or program for a limited time period despite his having attained the age of majority; the section is not mandatory, however. The court may in its discretion elect to sentence him to an adult prison.

Having found that reversible error occurred in the sentencing procedure, the remaining issue raised by Gourley is moot. We vacate the judgment of the Letcher Circuit Court and remand this case for further proceedings consistent with this opinion.

ALL CONCUR.