**Latisha BURCHETT, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2009–CA–000324–MR.

Court of Appeals of Kentucky.

June 4, 2010.

Karen Shuff Maurer, Assistant Public Advocate, Frankfort, KY, for Appellant.

Jack Conway, Attorney General, Micah Brandon Roberts, Assistant Attorney General, Frankfort, KY, for Appellee.

Before VANMETER, Acting Chief Judge; COMBS and KELLER, Judges.

## OPINION

KELLER, Judge.

A jury convicted Latisha Burchett (Burchett) of fleeing or evading the police, first

degree; wanton endangerment, first degree; and operating a motor vehicle under the influence (DUI). The jury recommended a total sentence of ten years and the trial court entered a judgment and sentence consistent with the jury's decision and recommendation. Burchett appeals that judgment arguing that the trial court erred when it permitted "investigative hearsay" to be introduced into evidence. For the following reasons, we affirm.

## FACTS

On November 22, 2006, Adair County Deputy Sheriff Nathan Bradshaw (Dep. Bradshaw) was "serving papers" at a residence on Route 55 in Adair County. While doing so, Dep. Bradshaw received a number of complaints about a car driving recklessly. Dep. Bradshaw left the residence to see if he could find the reported car. While at a traffic light, Dep. Bradshaw saw Burchett coming toward him. Other cars were "getting out of the way." Dep. Bradshaw then turned on his lights and siren in an attempt to stop Burchett. Instead of stopping, Burchett drove away at a high rate of speed. Dep. Bradshaw called for backup and began to chase Burchett, at times reaching speeds in excess of 100 miles per hour. Just past the Adair County line, Burchett spun around in front of Dep. Bradshaw. Burchett then began driving toward Dep. Bradshaw, who turned around and continued his pursuit of Burchett.

Sheriff's Deputies Burton and Greer responded to Dep. Bradshaw's call for assistance. Both testified that, as they responded to Dep. Bradshaw's request, they met Burchett's car coming toward them at a high rate of speed. Dep. Burton testified that he met Burchett in a "sharp turn" in the road. Burchett was coming toward him and her car was partially in Dep. Burton's lane. According to Dep. Burton,

Burchett apparently lost control of her car and veered off the road, hitting several trees.

When Dep. Burton approached Burchett's car, she was lying on the floor and talking incoherently. Emergency personnel transported Burchett to the hospital. Hospital personnel took a blood sample from Burchett, which tested positive for cocaine.

The objected-to testimony occurred early in the Commonwealth's case in chief. As noted above, Dep. Bradshaw, the Commonwealth's first witness, testified that he "kept getting reckless driving complaints on a gray car." Burchett objected, arguing that this testimony was hearsay. The Commonwealth stated that it was offering the testimony to explain Dep. Bradshaw's actions. The court agreed with the Commonwealth and overruled Burchett's objection. Burchett appeals the court's ruling admitting Dep. Bradshaw's testimony.

## STANDARD OF REVIEW

The standard of review on evidentiary issues is abuse of discretion. *Clark v. Commonwealth,* 223 S.W.3d 90, 95 (Ky.2007). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Goodyear Tire and Rubber Co. v. Thompson,* 11 S.W.3d 575, 581 (Ky.2000). With this standard in mind, we address the issue raised by Burchett on appeal.

## ANALYSIS

Burchett argues that the trial court erred when it permitted Dep. Bradshaw to testify that he had received complaints about a car driving recklessly. According to Burchett, that testimony by Dep. Bradshaw amounted to impermissible "investigative hearsay." The Commonwealth argues that the testimony was admissible

under the "verbal act doctrine," and, if not admissible, any error was harmless.

 We begin our analysis by examining Kentucky Rule of Evidence (KRE) 801(c), which defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Generally, pursuant to KRE 802, hearsay is not admissible unless it falls within one of the exceptions in KRE 803–806. There is no exception for investigative hearsay. As the Supreme Court of Kentucky noted in *Sanborn v. Commonwealth*, 754 S.W.2d 534, 541 (Ky. 1988), investigative hearsay is

> a misnomer, an oxymoron. The rule is that a police officer may testify about information furnished to him only where it tends to explain the action that was taken by the police officer as a result of this information *and* the taking of that action is an issue in the case. Such information is then admissible, not to prove the facts told to the police officer, but only to prove why the police officer then acted as he did. It is admissible *only if* there is an issue about the police officer's action.

(Emphasis in original).

Thus, the analysis is one of relevance. The statements are only admissible if relevant, and they are only relevant if used to explain why the officer acted as he or she did and the officer's actions are at issue. If the officer's actions are not at issue, the motivation for those actions is not relevant and the statements are not admissible. *See Brewer v. Commonwealth*, 206 S.W.3d 343, 351–52 (Ky.2006).

From our review of the record, it does not appear that Dep. Bradshaw's actions were at issue. Burchett did not challenge Dep. Bradshaw's decision to attempt to stop her nor did she attempt to exclude Dep. Bradshaw's testimony regarding the chase that ensued. Therefore, any explanation for Dep. Bradshaw's actions was not relevant, and the trial court should have excluded his testimony regarding the reckless driving complaints.

However, that does not put an end to our analysis. We must determine if that error caused sufficient harm to warrant reversal and a new trial. We hold that it does not. Kentucky Rule of Criminal Procedure (RCr) 9.24 provides that

> [n]o error in either the admission or the exclusion of evidence . . . is ground for . . . disturbing a judgment or order unless it appears to the court that the denial of such relief would be inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding that does not affect the substantial rights of the parties.

 The test for harmless error is "whether on the whole case there is a substantial possibility that the result would have been any different." *Commonwealth v. McIntosh*, 646 S.W.2d 43, 45 (Ky.1983). The relevant inquiry is whether there is a reasonable probability that the evidence complained of might have contributed to the conviction. *Jarvis v. Commonwealth*, 960 S.W.2d 466, 471 (Ky.1998). "Under the harmless error doctrine, if upon consideration of the whole case it does not appear that there is a substantial possibility that the result would have been any different, the error will be held non-prejudicial." *Gosser v. Commonwealth*, 31 S.W.3d 897, 903 (Ky.2000).

 Applying the above standards, we hold that the error was harmless for three reasons. First, Dep. Bradshaw testified that he received complaints regarding an unidentified person driving a gray car recklessly. Those complaints did not identify Burchett or even identify with specific-

ity the car involved. Therefore, it is likely that the jury took that testimony into consideration in reaching its verdict.

Second, the complaints related to actions Burchett took before she fled from Dep. Bradshaw. They were not related to the charges against Burchett of fleeing and evading, wanton endangerment, and DUI. Those charges arose from actions Burchett took after Dep. Bradshaw attempted to stop her and she fled. Again, it is not reasonable to conclude that the jury was influenced by Dep. Bradshaw's testimony about the reckless driving complaint.

Third, testimony by Dep. Bradshaw, Dep. Greer, and Dep. Burton, about Burchett's actions—fleeing from officers who pursued her with their lights and sirens on; driving on a narrow road at speeds in excess of 100 miles per hour; and swerving across the middle of the road into oncoming traffic—was more than sufficient evidence to support the jury verdicts for fleeing and evading and wanton endangerment. Furthermore, the testimony from the state police lab technician that Burchett had traces of cocaine in her system was uncontroverted. In light of the evidence as a whole, "it does not appear that there is a substantial possibility the result would have been any different" if Dep. Bradshaw's testimony had been excluded. *Gosser*, 31 S.W.3d at 903.

## CONCLUSION

It was error for the trial court to admit into evidence testimony from Dep. Bradshaw regarding complaints he received about a person driving recklessly, because that evidence was not relevant. However, in light of the overwhelming evidence of Burchett's guilt, the error was harmless. Therefore, we affirm.

VANMETER, Judge, concurs.

COMBS, Judge, concurs by separate opinion.

COMBS, Judge, concurring.

I concur separately because I would hold that there was no error whatsoever in the so-called investigative hearsay. Deputy Bradshaw's controversial statement was that he "kept getting reckless driving complaints on a gray car." I agree with the Commonwealth that the statement was properly offered to explain Bradshaw's action in initially undertaking the search for and pursuit of Burchett's car. It meets the criteria for admissibility on the basis of relevance in explaining why Bradshaw acted as he did in his pursuit and chase of Burchett.

While the harmless error analysis of the opinion is thorough and correct, I would find no error at all.