Adam Anthony BARKER, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 2009–SC–000794–MR.

Supreme Court of Kentucky.

June 16, 2011.

---

Daniel T. Goyette, Louisville Metro Public Defender, James David Niehaus, Deputy Appellate Defender, Office of the Louisville Metro Public Defender, Louisville, KY, Counsel for Appellant.

Jack Conway, Attorney General, Jeffrey Allan Cross, Criminal Appellate Division, Office of the Attorney General, Frankfort, KY, Counsel for Appellee.

Opinion of the Court by Justice CUNNINGHAM.

Appellant, Adam Anthony Barker, was found guilty in the Jefferson Circuit Court of manslaughter in the second degree, two counts of tampering with physical evidence, and criminal mischief. The trial court granted the Commonwealth's motion to dismiss the criminal mischief offense.

Appellant was sentenced to ten years imprisonment for manslaughter in the second degree and five years for each of the tampering with physical evidence offenses. The sentences were ordered to run consecutively for a total of twenty years. Appellant now appeals the judgment and sentence as a matter of right. Ky. Const. § 110(2)(b).

Appellant mistakenly believed Zachary Scarpellini was one of three men with whom he had previously had an altercation. This incident resulted in Appellant's arrest, as well as confiscation of one of his firearms by police. Following his arrest, Appellant learned of Scarpellini's address. He then went to Scarpellini's apartment and slashed the tires on his car.

Two weeks later, on October 12, 2003, at about 1:00 a.m., Appellant returned to Scarpellini's apartment, carrying a knife and a loaded gun. While he was slashing Scarpellini's tires for a second time, Scarpellini's roommate, Shawn Reilly, walked by. Reilly told Appellant that he was slashing tires on the wrong car and Appellant began to walk away at an average pace. Reilly entered the apartment and told Scarpellini what had just happened, prompting Scarpellini to place a gun in the back waistband of his pants and, along with Reilly, run after Appellant.

Scarpellini and Reilly quickly caught up to Appellant. An altercation ensued which ended with Appellant shooting Scarpellini to death. Appellant fled the scene and later altered the weapon used to shoot Scarpellini and transferred possession of it. Scarpellini's gun was found the next morning in nearby bushes.

At trial, the case came down to the word of Shawn Reilly against the word of Appellant. Reilly testified that he was certain that Scarpellini never drew his gun during the altercation. Reilly also said Appellant opened fire immediately after Scarpellini yelled at him. Appellant fired four times on the victim, three of which, according to Reilly, were after the victim had hit the ground.

Appellant, however, testified that Scarpellini came at him screaming and wielding a gun. Appellant further testified that he only went to Scarpellini's apartment to slash his tires and get revenge. He also said that his goal was to make Scarpellini mad.

■ The sole issue raised by Appellant deals with the provocation qualifier of the self-defense instruction. He argues that

the trial court erred in giving the instruction because there was insufficient evidence to support it. When we look to the instruction to analyze this issue, we do not get any farther than the wording itself. We find that the language of the provocation instruction constitutes palpable error in this case. Therefore, we reverse without getting to the sufficiency of the evidence issue as to qualification of the provocation instruction.

The provocation instruction, as worded, is clearly erroneous.

> Provided, however, that if you believe from the evidence beyond a reasonable doubt that Adam Anthony Barker provoked Zachary Scarpellini and/or Shawn Reilly to use or attempt to use physical force upon the defendant, Adam Anthony Barker, *and that they did so with the intention of causing death or serious physical injury to Adam Anthony Barker,* then the defense of self-protection is not available to him. (Emphasis added.)

■ Under the exact wording of KRS 503.060(2), a person forfeits his right to the defense of self-protection when, "with the intention of causing death or serious physical injury to the other person, [he] provokes the use of physical force by such other person." This statute sets out two basic elements that, when met, prevent a defendant from being entitled to self-protection: (1) the defendant must have the intention of causing death or serious physical injury to the victim; and (2) the defendant must actually provoke the victim to use physical force.

■ The instruction given in this case is fatally flawed because it fails to properly set out the elements of the statute. It lacks the statutory element requiring Appellant to provoke the victim with the *intent to cause death or serious physical injury* to him. Instead, the instruction requires that *Zachary Scarpellini and/or Shawn Reilly* have the intent to cause death or serious physical injury to Appellant. The provocation exception, under KRS 503.060(2), is concerned with the defendant's state of mind, not the victim's.

■ This issue was not raised on appeal. Neither did this Court go looking for it. However, we bump into it squarely out of the gate because of the general objection to the justification of giving the instruction in the first place. While this Court will not go looking for error not called to our attention, neither can we ignore one which is so glaring and flows naturally under our appellate review of the issue raised. Therefore, we review it under RCr 10.26, which states that "[a]n appellate court may consider an issue that was not preserved if it deems the error to be a palpable one which affected the defendant's substantial rights and resulted in manifest injustice." *Commonwealth v. Pace,* 82 S.W.3d 894, 895 (Ky.2002) (internal quotations omitted). To determine whether an error is palpable, "an appellate court must consider whether on the whole case there is a substantial possibility that the result would have been any different." *Commonwealth v. McIntosh,* 646 S.W.2d 43, 45 (Ky.1983).

The instructional error in this case raises a substantial possibility that the jury might have reached a different result for several reasons. This was not a confrontational provocation, such as the instruction anticipates. It is hard to imagine a provocation unless the accused first seeks out the victim. Here, Appellant participated in wrongdoing which sought to avoid a direct confrontation with the victim. Twice, Appellant went to the victim's house during the middle of the night—obviously to avoid being detected by the victim—and slashed the tires. He got by

with it the first time. This time, however, as he was walking away, the victim, along with his roommate, followed Appellant. By removing the intent element from the instruction, the court effectively stripped Appellant of his self-protection defense. It appears the jury would have had little problem in believing that Zachary Scarpellini had the intention of "causing death or serious physical injury" to Appellant because he pursued him while armed with a deadly weapon. But the jury was erroneously required to get into the mind of the wrong person.

Furthermore, the jury was apparently sympathetic to Appellant, even with the erroneous instruction. He was convicted on the lowest degree of homicide upon which an instruction was given. A proper instruction would have required the jury to find an additional element before finding Appellant provoked Scarpellini. With the facts of this case, we believe there is a substantial possibility that there would have been a different verdict with a proper instruction. A manifest injustice occurred and, therefore, we reverse Appellant's conviction for manslaughter in the second degree, affirm the convictions for tampering with physical evidence, and remand the case to the Jefferson Circuit Court for further proceedings consistent with this opinion.

All sitting. All concur.