**Michael D. CAPRARO, Appellant,**

v.

**Walter BUNT, Sgt.; Michael O'Brien, Detective, Appellees.**

No. 93–4072.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 15, 1994.

Decided Jan. 11, 1995.

David R. Dyroff, Jr. of St. Louis, MO, argued (Omri E. Praiss, on the brief), for appellant.

Joan B. Bernstein, St. Louis, MO, argued (Robert J. Krehbiel, on the brief), for appellees.

Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and LOKEN, Circuit Judge.

FAGG, Circuit Judge.

Michael D. Capraro pleaded guilty to state law charges of kidnapping, armed criminal action, and felonious restraint after he abducted a woman at gunpoint and threatened to kill her. Capraro then brought this 42 U.S.C. § 1983 lawsuit against officers involved in apprehending him for his admitted criminal activity, asserting the officers had violated his Fourth Amendment rights. Most of the officers were dismissed from the case and are not involved in this appeal. As

for the remaining officers, Walter Bunt and Michael O'Brien, the district court granted partial summary judgment to the officers, and a jury returned a verdict for officer Bunt, thus disposing of all Capraro's Fourth Amendment claims. Capraro appeals and we affirm.

Capraro was arrested after a woman told police Capraro had abducted her at gunpoint. According to the woman, Capraro dragged her from her home, forced her into his tan Dodge truck, drove her to a deserted spot, threatened to kill her, and eventually drove her home. Capraro's half-brother corroborated the woman's account. The woman also told police that she saw Capraro hide his gun "in the air filter" of his truck just before her release. Bunt responded to the woman's report by sending two officers to Capraro's home to locate him. When the officers arrived, they saw a tan truck that matched the description of the vehicle used in the kidnapping parked on the driveway beside Capraro's home. The officers knocked on the door of Capraro's home and Capraro's mother came to the door. The officers asked for Capraro. Capraro's mother stated Capraro was home and invited the officers inside. At the radioed instruction of Bunt and O'Brien, the officers arrested Capraro and seized his truck as evidence of the kidnapping. The truck was towed to the police station where O'Brien later looked for Capraro's gun in the air filter but did not find it.

■ Capraro first challenges the grant of summary judgment to Bunt and O'Brien. Capraro contends the warrantless seizure of the truck violated the Fourth Amendment. We disagree. The officers who had been dispatched to Capraro's home had probable cause to seize the truck because it matched the victim's description of the vehicle used in the kidnapping. The police also believed Capraro's gun was hidden inside. Given these circumstances and the reduced privacy expectation accorded motor vehicles, *see California v. Carney*, 471 U.S. 386, 391–92, 105 S.Ct. 2066, 2069–70, 85 L.Ed.2d 406 (1985), it was reasonable for the officers to act without a warrant in seizing the truck as an instrument of the crime Capraro had committed. Because a vehicle is subject to a warrantless search on probable cause if the vehicle contains evidence of crime, the vehicle should likewise be subject to a warrantless seizure if the vehicle itself is an instrument of crime. 3 Wayne R. LaFave, *Search and Seizure* § 7.3(a) (2d ed. 1987 & Supp.1994). Further, the truck's position in clear public view on Capraro's driveway eliminated any privacy expectation otherwise resulting from its location on private property. *See United States v. Ventling*, 678 F.2d 63, 66 (8th Cir.1982). We conclude the warrantless seizure of Capraro's truck as an instrumentality of the kidnapping for which Capraro was arrested did not violate the Fourth Amendment.

■ Capraro also contends the warrantless search of the truck violated the Fourth Amendment. Again, we disagree. Having the truck used in the abduction in custody and the victim's statement that Capraro had placed his gun in the truck's air filter, O'Brien could reasonably look in the air filter for the gun. *See Cooper v. California*, 386 U.S. 58, 61–62, 87 S.Ct. 788, 790–91, 17 L.Ed.2d 730 (1967). Contrary to Capraro's argument, the officer did not conduct a generalized search for evidence of other crimes, but merely conducted a search "related to the reason [Capraro] was arrested, the reason his [truck] had been impounded, and the reason [the truck] was being retained." *Id.* at 61, 87 S.Ct. at 791. Like the warrantless seizure of Capraro's truck, the warrantless search of the truck for more evidence of the kidnapping did not violate the Fourth Amendment, and thus, the district court properly granted summary judgment to Bunt and O'Brien.

■ Turning to the jury trial, Capraro contends the district court improperly instructed the jury on the consent exception to the warrant requirement in Capraro's challenge to the search of his home. The officers who entered Capraro's home testified Capraro's mother consented to the officers' entry and neither Capraro nor his mother objected to the officer's presence or movements in the home. Further, the officers did not seize any incriminating evidence while they were inside the home to arrest Capraro. Because the instruction had adequate factual support in the record and correctly stated the gov-

# 692

erning law, the district court did not abuse its discretion in giving the consent instruction. *See McKnight v. Johnson Controls, Inc.,* 36 F.3d 1396, 1411 (8th Cir.1994).

We affirm the district court.