John C. RENFRO, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 93–SC–866–MR.

Supreme Court of Kentucky.

Feb. 16, 1995.

Benjamin P. Hicks, Lexington, for appellant.

Chris Gorman, Atty. Gen., Samuel J. Floyd, Jr., Asst. Atty. Gen., Crim. Appellate Div., Frankfort, for appellee.

STUMBO, Justice.

Appellant, John C. Renfro, was convicted of wanton murder, first-degree wanton endangerment, and second-degree wanton endangerment arising from a vehicular homicide. He was found to be a persistent felony offender and received a sentence of thirty years. Appellant appeals to this Court as a matter of right.

Appellant was charged with the murder of Shenita Smith. Appellant's vehicle collided with another vehicle at the intersection of Fifth and Limestone in Lexington. The impact of Appellant's vehicle propelled the other vehicle into Smith, a pedestrian. Smith died as a result of multiple fractures and internal injuries. Testimony indicated that after Appellant, who had stopped briefly at the corner of Third and Race, became aware that two police officers were looking at him, he turned on to Race Street, squealing his tires and heading north at a high rate of speed.

Witnesses testified that in the course of the pursuit, Appellant ran a stop sign, forced another car off the road, and forced a police officer's patrol car onto the sidewalk. In addition, testimony indicated that Appellant entered the intersection of Fifth and Limestone at a high rate of speed, against the light, and in the wrong lane. Following Appellant's arrest, blood and urine samples were taken. The results of the blood alcohol test and the urine alcohol test were .12% and .14%, respectively. On appeal, Appellant raises two issues. First, Appellant asserts that the Commonwealth violated a pretrial ruling regarding how lay witnesses could comment upon the speed of Appellant's vehicle.

The record indicates that during a pretrial hearing on a motion in limine concerning this issue, the trial court clearly indicated that lay witnesses would not be allowed to testify as to numerical estimates of speed, nor offer conclusory comments as to Appellant's speed. However, the record also indicates that the trial judge, in an order, overruled the motion in limine.

During the trial, a witness characterized the speed of Appellant's car as "very, very fast. If you told me it was 80 miles per hour, I wouldn't be surprised." Appellant asserts that the question before this Court is whether the above statement violates the judge's decision concerning lay witnesses testifying as to numerical estimates of speed.

This Court does not have to reach this question. Upon a review of the record, we find that defense counsel did not contemporaneously object when the witness stated that "[if] you told me it was 80 miles per hour, I wouldn't be surprised." RCr 9.22 requires a party to make "known to the court the action he desires the court to take or his objection to the action of the court." *West v. Commonwealth*, Ky., 780 S.W.2d 600, 602 (1989). Failure to comply with this rule renders an error unpreserved. *Bowers v. Commonwealth*, Ky., 555 S.W.2d 241 (1977). A party must timely inform the court of an error and request the relief to which he considers himself entitled. *West*, 780 S.W.2d at 602. Appellant took no steps to point the error out to the court, thus he is entitled to no relief. The alleged error is unpreserved.

This Court may review an unpreserved error and grant appropriate relief provided this Court determines that manifest injustice resulted from that error. After examining the weight of the evidence, we find that the "error" complained of does not rise to a level of palpable error to warrant review pursuant to RCr 10.26.

Appellant next claims that the Commonwealth's accident reconstruction expert invaded the province of the jury by giving his opinion on the cause of the accident. The Commonwealth's expert testified that his investigation revealed that Appellant was driving in the passing (wrong) lane, went through an intersection against the red light, was under the influence of alcohol, and was driving at a high rate of speed.

The Commonwealth then asked the expert if he had an opinion as to the cause of the collision. The expert then stated that in his opinion, the *cause* of the collision was Appellant driving his vehicle in the passing lane, going against the red light, being under the influence of alcohol, and driving at a high rate of speed.

Pursuant to KRE 702, the testimony of an expert witness is admissible only if it will assist the triers of fact to understand the evidence or resolve disputed factual issues. An expert witness cannot testify as to which driver in an accident was its cause. *Mulberry v. Howard,* Ky., 457 S.W.2d 827 (1970); *Kennedy v. Hageman,* Ky.App., 704 S.W.2d 656 (1985). *See also* Robert G. Lawson, *The Kentucky Evidence Law Handbook* § 6.20 at 304–306 (3d ed. 1993).

Both cases cited above are civil cases. The Commonwealth argues that the ultimate issue in a murder case is guilt, and not causation. Thus, while a comment from an expert in a civil case on causation would invade the jury's province, it does not in a criminal case. We disagree.

Testimony from an expert on causation in a criminal case, as in a civil case, invades the province of the jury. As stated in *Kennedy v. Hageman:*

Clearly, the trooper's testimony in this vein was equivalent to an expression of opinion by him as to one party's negligence having caused the accident. Although state troopers may in some instances be qualified to express opinions as to the points of impact in collisions, they are not entitled to usurp the function of the jury and to state their opinions as to whose negligence may have caused the accident.

*Kennedy,* 704 S.W.2d at 659. If this is the law in civil cases, it would stand to reason it should be the law in criminal cases where the charges could result in the imposition of a term of imprisonment, as opposed to merely a monetary award.

Although the trial court improperly allowed testimony by the expert as to the causation of the accident, the error was harmless. The test for harmless error is whether there is any reasonable possibility that absent the error the verdict would have been different. *Crane v. Commonwealth,* Ky., 726 S.W.2d 302, *cert. denied,* 484 U.S. 834, 108 S.Ct. 111, 98 L.Ed.2d 70 (1987); *Commonwealth v. McIntosh,* Ky., 646 S.W.2d 43 (1983). An error of constitutional proportions must be shown to be harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

The testimony by the witness was a single statement. In reviewing the record, the evidence against Appellant was overwhelming. Law enforcement officers saw Appellant driving his vehicle erratically and at a high rate of speed. Toxicology reports established that Appellant was highly intoxicated. Witnesses saw Appellant's car, traveling very fast and in the passing lane, enter the intersection against the red light and strike a second vehicle, which then hit the victim.

Therefore, a careful examination of the record does not indicate that any different result would have occurred in this case.

For the reasons set forth above, the judgment of conviction is affirmed.

LEIBSON and REYNOLDS, JJ., concur. STEPHENS, C.J., agrees that the admission of the testimony of the accident reconstruction expert as to causation was erroneous, but believes it rises to the level of reversible error.

SPAIN, J., concurs by separate opinion in which LAMBERT and WINTERSHEIMER, JJ., join.

SPAIN, Justice, concurring.

Although I wholeheartedly concur in the result reached herein by the majority in af-

firming the appellant's conviction, I write separately to voice my opinion that the testimony of Officer Eric Bostrom was properly admitted by the trial court. The majority holds, on the other hand, that Officer Bostrom's opinion as to the causation of the fatal collision invaded the province of the jury and consequently was improperly admitted by the trial court, though amounting only to harmless error. Officer Bostrom was recognized as an expert witness in the field of accident reconstruction by the trial court after hearing the officer's testimony as to his training and experience in the field. Bostrom showed the jury a videotape and still photographs of the scene of the accident while explaining the measurements and mathematical formulas which he employed to ascertain the approximate speed and relative positions of the vehicles at the time of the collision. Bostrom was then asked to state, based upon his investigation, his expert opinion as to the cause of the collision. In my opinion, the trial court properly overruled the objection of the defense. Bostrom's testimony was designed pursuant to KRE 702 to assist the jury in understanding the evidence and in making its determination of the degree of culpability to ascribe to the appellant should they find him guilty of wanton murder or any lesser offense. Officer Bostrom in testifying did not give an opinion as to whether the appellant was guilty of murder, manslaughter, or reckless homicide, all of which would indeed have been the exclusive province of the jury. Rather, he testified from his reconstruction of the accident as to how the collision occurred considering evidence of record that the appellant was intoxicated, traveling at a high rate of speed, driving his vehicle on the wrong side of Fifth Street, entering the intersection against the traffic signal, and striking the Simms vehicle. The opinion here was of the same character as that admitted with our approval in *Wemyss v. Coleman* Ky., 729 S.W.2d 174 (1987). There we held that a properly qualified witness may express an opinion that the failure of a driver to use a seat belt was a contributing cause to injuries received in an accident.

Such testimony, in my opinion, is far different than that proscribed by the Court of Appeals in *Kennedy v. Hageman*, Ky.App.,

704 S.W.2d 656 (1985), quoted by the majority opinion. As the Court stated, there the trooper's testimony was the equivalent of his giving an opinion as to whether or not a particular party was negligent.

For the reasons set out above, I would not only affirm the conviction, I would also hold that Officer Bostrom's testimony was clearly admissible.

LAMBERT and WINTERSHEIMER, JJ., join this concurring opinion by SPAIN, J.