Timothy D. CORMNEY, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 95–CA–2159–MR.

Court of Appeals of Kentucky.

Dec. 13, 1996.

Discretionary Review Denied
May 14, 1997.

Charles E. Beal, II, Lexington, Alva Hollon, Jr., Miami Lakes, FL, R. David Clark, John O. Hollon, Lexington, for appellant.

A.B. Chandler, III, Attorney General, Michael L. Harned, Assistant Attorney General, Frankfort, for appellee.

Before COMBS, GUIDUGLI and KNOPF, JJ.

## OPINION

COMBS, Judge.

Timothy Cormney appeals his conviction in Fayette Circuit Court for the offenses of second-degree manslaughter and driving under the influence. These charges stemmed from a car crash that occurred on Alumni Drive in Lexington. Cormney contends that the circuit court erred by refusing to suppress evidence seized by the Commonwealth from the wreckage; by refusing to suppress evidence obtained as a result of an unlawful seizure of his clothing from the hospital; by permitting certain expert opinion testimony; and by failing to declare a mistrial. Having carefully considered the very thoughtful and fine presentations made during oral arguments, and having reviewed the record and applicable law, we affirm.

Shortly before midnight on September 26, 1993, the vehicle in which Appellant and Johnny Powers were traveling left the road, struck a brick wall, and overturned. According to witnesses, the car had been traveling recklessly and at a high rate of speed shortly before it crashed. As a result of the crash, both Cormney and Powers were thrown from the vehicle and sustained life-threatening injuries. An ambulance arrived at the scene and transported the two men to the University of Kentucky Medical Center. Paramedics reported that Appellant was "combative" and "out of control" and that he had "a strong odor of alcohol" on his breath. Both Appellant and Powers arrived at the hospital in critical condition. While Cormney eventually recovered, Powers was not so fortunate. He died less than an hour after arriving at the hospital, his death thus giving rise to the manslaughter charge.

There is no question that both men were intoxicated at the time of the collision. However, the identity of the driver of the vehicle was not immediately nor readily apparent. Ultimately, various items of evidence indicat-

ing that Cormney was the driver were collected from the wreckage over a period of time. This evidence included carpet fibers, a portion of the vehicle's dashboard, the windshield (which contained hair and tissue), the acceleration and brake pedals, the steering wheel, and a portion of the interior of the passenger side door.

■ The first issue on appeal is whether it was lawful for law enforcement officials to seize and examine the vehicle without a warrant.[1] If not, Appellant contends that the physical evidence collected from the interior of the vehicle and the conclusions of the accident reconstructionist based upon that evidence should have been suppressed.

The trial court conducted a lengthy suppression hearing prior to trial. Following the hearing, the court requested written memoranda and took the issue under submission. In denying the motion to suppress, the trial court noted that as a predicate to mounting a challenge to the warrantless searches, Cormney first had to establish that he had a reasonable expectation of privacy in the wreckage. *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). After reviewing the testimony, the court found that Cormney did *not* have a legitimate expectation of privacy in what remained of the vehicle and concluded that the visual warrantless inspections of the wreckage were permissible.

■ The issue of the propriety of a search is generally determined upon the particular facts of each case. *Estep v. Commonwealth,* Ky., 663 S.W.2d 213 (1984). If supported by substantial evidence presented at the hearing, the trial court's factual findings and rulings in matters of suppression shall be conclusive. Ky.R.Crim.Proc. (RCr) 9.78; *Canler v. Commonwealth,* Ky., 870 S.W.2d 219 (1994). In this case, Cormney has failed to show reversible error in the circuit court's determination that he lacked a legitimate expectation of privacy in the crashed vehicle. The finding is supported by substantial evidence and is not clearly contrary to law.

Prior to launching an attack upon the officials' warrantless searches and seizure of evidence, Cormney had the burden of proving that he had retained a reasonable expectation of privacy in the wreckage. *Sussman v. Commonwealth,* Ky., 610 S.W.2d 608 (1980). Without showing that he had a reasonable expectation of privacy in the wreckage, Appellant lacked standing to complain of the search's alleged illegality. In analyzing this threshold issue, the trial court relied in great part upon *U.S. v. Olmstead,* 17 M.J. 247 (CMA 1984).

The *Olmstead* court was faced with a set of circumstances strikingly similar to those under consideration here. In that case, the court held that the suspected driver of a wrecked vehicle did not have a reasonable expectation of privacy in the vehicle or its contents following its crash. In its analysis, the court noted that the vehicle was "utterly demolished" as a result of the crash and that it was lying in the public way. *Id.* at 250. Further, it noted that law enforcement officials, "like the authorities in most jurisdictions, (citation omitted), are specifically required to investigate serious motor vehicle accidents." *Id.* Since the crash resulted in a fatality, the court opined that "no one could reasonably expect that his vehicle would not be thoroughly examined." *Id.* The court concluded that the authorities invaded no constitutionally protected interest of the appellant and that, under the circumstances, a search warrant was not required. *Id.*

While Appellant seeks to distinguish *Olmstead* as an anomaly emanating from a court of military justice, we are not persuaded that its analysis is inapplicable to the circumstances before us. Again, in order to establish standing sufficient to attack the warrantless inspections of the wreckage, Cormney was required to show that he retained a legitimate expectation of privacy in the vehicle.

*Olmstead* is of particular interest because of its congruence factually with this case.

---

1. While the various items of physical evidence collected were removed from the impounded vehicle pursuant to several warrants, these warrants were issued on the basis of warrantless preliminary visual inspections conducted by law enforcement officials. Appellant objects to these preliminary inspections.

Other than *Olmstead*, we have been unable to uncover in our research the precise issue of automobile wreckage as evidence in and of itself susceptible of search and seizure. However, numerous other courts have examined the issue of automobiles as evidence as to whether an expectation of privacy attaches to them following the occurrence of a suspected crime. The United States Court of Appeals for the First Circuit addressed this threshold inquiry regarding the warrantless search of an automobile in *United States v. Aguirre*, 839 F.2d 854 (1st Cir.1988). There, the court listed some of the factors to be considered when determining whether a reasonable expectation of privacy exists. They are: (1) ownership, possession and/or control; (2) historical use of the property searched or the thing seized; (3) ability to regulate access; (4) the totality of the circumstances; (5) the existence or nonexistence of a subjective anticipation of privacy; and (6) the objective reasonableness of such an expectancy under the facts of a given case.

Another case on point with *Olmstead* is *Capraro v. Bunt*, 44 F.3d 690 (8th Cir.1995), in which the vehicle, a truck, was used in conjunction with a kidnapping. A warrantless search followed the seizure and towing of the truck after Capraro was taken into custody. The court reasoned that if probable cause existed to believe that a vehicle was an instrument of the commission of a crime, it was subject not only to a warrantless search but to a warrantless seizure as well, essentially becoming an item of contraband. The *Capraro* court stated as follows:

> Because a vehicle is subject to a warrantless search on probable cause if the vehicle contains evidence of a crime, the vehicle should likewise be subject to a warrantless seizure if the vehicle itself is an instrument of crime.

*Id.* at 691.

In the case at bar, law enforcement officials testified that at the time of their arrival, the vehicle was lying upside down in the middle of the roadway and that the passengers were seriously injured. The car's trunk was open with its contents strewn about. Various parts of the wreckage were scattered around the scene. Witnesses had observed and recounted that the car had been speeding and had overtaken another vehicle outside a passing zone. Based upon these facts, officials had probable cause to believe that a criminal act had occurred and that the wreckage would be significant evidence in any criminal proceeding. A consideration of these factors led the circuit court to conclude that Cormney lacked the reasonable expectation of privacy required to launch an attack upon the warrantless inspections of the wreckage undertaken by law enforcement officials.

We find that under the totality of the circumstances presented here Appellant could not have retained an expectation of privacy sufficiently reasonable upon which to base his challenge to the warrantless inspections. We believe that any subjective expectation of privacy that Appellant had in the wreckage necessarily yielded to the Commonwealth's legitimate public safety interests since the law enforcement officials responding to the accident were charged with the responsibility of determining all of the circumstances surrounding the fatality and the cause of the collision. As a result, we conclude that the trial court did not err in refusing to suppress the physical evidence retrieved from the vehicle wreckage.

■ The next issue to be addressed is whether the trial court erred by refusing to suppress evidence obtained as a result of the warrantless search and seizure of Cormney's clothing. Immediately following the car crash, Appellant and Powers were transported to the hospital. While law enforcement officials remained at the scene and continued to examine the wreckage, the accident reconstructionist realized that clothing fibers would be essential to an effective investigation. He feared that the clothing would be altered or destroyed by hospital personnel and instructed an officer to retrieve the items without delay. From a search of the items of clothing, law enforcement officials were able to obtain trace evidence to compare with that taken from the wreckage and to establish Appellant as the driver of the vehicle. Cormney maintains that this warrantless search and seizure of his clothing was unconstitutional.

■ All warrantless searches are deemed unreasonable unless they fall under one of the exceptions to the warrant requirement. *See Cook v. Commonwealth,* Ky., 826 S.W.2d 329 (1992). The burden is on the prosecution to prove that the particular warrantless search comes under one of the recognized exceptions. *See Gallman v. Commonwealth,* Ky., 578 S.W.2d 47 (1979). In this case, the Commonwealth argued that the search and seizure of Cormney's clothing fell under the exigent circumstances or emergency exception to the warrant requirement.

■ In *Taylor v. Commonwealth,* Ky. App., 577 S.W.2d 46 (1979), Kentucky recognized that a warrantless search is permissible where "evidence may be destroyed." And, as explained by the United States Supreme Court in *Roaden v. Kentucky,* 413 U.S. 496, 505, 93 S.Ct. 2796, 2802, 37 L.Ed.2d 757, 765 (1973), "[w]here there are exigent circumstances in which police action literally must be 'now or never' to preserve the evidence of the crime, it is reasonable to permit action without prior judicial evaluation."

As the Commonwealth notes, the exigent circumstances exception to the warrant requirement has been applied to the seizure of clothing from a hospital emergency room. In *State v. Adams,* 224 N.J.Super. 669, 541 A.2d 262 (1988), for instance, the defendant had been shot and law enforcement officials were concerned about evidence for a possible murder trial. As a result, they seized his clothing at the emergency room. The New Jersey court upheld the seizure, noting as follows:

> The clothing would have been material evidence and certainly there would be a strong possibility that if not immediately seized the trace evidence that we all know as so important in this type of case would have been destroyed. Looking for fibers, hair, anything that would have linked another person to the shooting . . . [C]ertainly, exigent circumstances permit the seizure of that clothing.

541 A.2d at 264. *See also, Montague v. State,* 266 Ind. 51, 360 N.E.2d 181 (1977); *People v. Sutherland,* 92 Ill.App.3d 338, 47 Ill.Dec. 954, 415 N.E.2d 1267 (1980); *Wagner v. Hedrick,* 181 W.Va. 482, 383 S.E.2d 286 (1989); *State v. Smith,* 88 Wash.2d 127, 559 P.2d 970 (1977).

Cormney contends that exigent circumstances simply did not exist here. He maintains that law enforcement officials "could have merely asked [the hospital] to preserve the clothing while a search warrant was obtained." The trial court concluded that the police in fact did have the reasonable belief that

> the clothes were likely to have been misplaced or destroyed by the hospital medical staff, thereby destroying valuable evidence [and were] faced with exigent circumstances which permitted them to seize the clothing without a search warrant.

This court agrees. Therefore, the trial court's refusal to suppress the evidence did not constitute reversible error.

■ Next, Cormney argues that the trial court erred by allowing the Commonwealth to introduce the opinion testimony of its accident reconstructionist. Cormney maintains that the testimony of Officer Kevin Robinson was erroneously admitted because his opinion that Cormney was the driver and not the passenger of the vehicle went to the ultimate issue to be decided at trial. We disagree.

As the Commonwealth notes, the ultimate issue to be determined by the jury was not only whether Cormney was driving the car on the night in question—but rather whether he was guilty of the charged offenses. To answer this question, the jury was required to make a number of determinations—including whether Appellant had engaged in wanton conduct—not simply whether he was the driver of the vehicle.

The testimony challenged here is similar to that allowed in *Sargent v. Commonwealth,* Ky., 813 S.W.2d 801 (1991). In that case, two police officers testified that, in their opinions, the nearly 15 pounds of marijuana seized from the defendant were meant for sale and not for personal use. The Kentucky Supreme Court held that the testimony was properly admitted since it was based on experience "derived from many drug related investigations" and "a combination of work experience and training." Similarly, in *Collier v. Commonwealth,* 303 Ky. 670, 198

S.W.2d 974 (1947), police officers were allowed to testify that tire tracks found at the scene matched the tires on the defendant's car. The court held that their testimony was just another piece of circumstantial evidence for the jury to consider.

Cormney's reliance on *Renfro v. Commonwealth*, Ky., 893 S.W.2d 795 (1995) is misplaced. In *Renfro*, the disputed testimony was an expert's opinion that the defendant had *caused* an accident by driving in a passing lane, ignoring a red light, being under the influence of alcohol, and speeding. The court held this testimony inadmissible as it was a comment on the ultimate issue before the jury. In this case, however, we note that Officer Robinson did not offer an opinion as to whether Appellant was the cause of the crash, whether he was guilty of second-degree manslaughter, or whether his conduct amounted to wanton conduct. Instead, he testified that because of his reconstruction of the wreck and other physical evidence, it was his opinion that Appellant was the driver of the vehicle at the time of the collision. The ultimate issues of causation and criminal ramifications remained strictly intact for the jury to consider.

■ Under the circumstances of this case, we find that the testimony of the Commonwealth's accident reconstructionist was admissible because it assisted the triers of fact to understand complex physical evidence.[2] The opinions expressed by this witness did not serve to usurp the function of the jury and did not merit exclusion on this basis.

■ Finally, Appellant argues that the trial court erred by failing to declare a mistrial once the medical examiner testified that a blood alcohol reading in excess of 0.10 was considered "under the influence." Cormney cites *Walden v. Commonwealth*, Ky., 805 S.W.2d 102 (1991), in support of this position. In *Walden*, the court held that it was improper to admit evidence of the statutory presumption found at KRS 189A.010 in any case other than a prosecution for driving

under the influence. Contrary to Appellant's position, however, *Walden* does not require reversal under the circumstances presented here. Not only did the trial court admonish the jury to disregard the doctor's testimony immediately following the miscue, but the error could not have been viewed as one requiring reversal because there was ample evidence offered from other sources to indicate that Cormney was indeed intoxicated at the time of the collision. *Dawson v. Commonwealth*, Ky.App., 867 S.W.2d 493 (1993).

Thus, while it was error for the medical examiner to testify concerning the statutory presumption, the error was satisfactorily cured by the trial court's admonition. Further, since other evidence of Appellant's intoxication was presented, the error can be viewed at most only as harmless. *Walden, supra.*

The judgment of the Fayette Circuit Court is affirmed.

All concur.

---

**2.** To the extent that Appellant claims that the accident reconstructionist was not qualified to offer an expert opinion, we note that the initial decision as to whether a witness is a qualified expert and the limits of his expertise are matters within the sound discretion of the trial court. *Commonwealth v. Craig*, Ky., 783 S.W.2d 387 (1990). The trial court did not abuse its discretion.