STONE, C.J.,
dissenting.
I would reverse the order granting Ap-pellee’s motion to suppress evidence seized from Appellee’s vehicle that was parked, facing the street, on the front driveway of private residential property.
Here, an undercover officer had observed Appellee engaging in a street sale of crack cocaine. The drugs transferred were obtained by Appellee from a vial which Appellee then immediately placed in the vehicle in question. Within minutes of the transaction, Appellee was detained and a dog was brought to the scene. The dog alerted on the vehicle, at which time it was searched and Appellee arrested. Although the trial court made its fact findings in favor of the state, the court determined that it was, nevertheless, compelled to suppress the evidence as a matter of law. The court concluded that á warrant was required to search the vehicle despite probable cause to believe a drug sale had occurred and that the contraband evidence was placed in the vehicle. When Appellee was taken into custody, he was not physically next to the vehicle in question but had joined two other persons at a vehicle in the street. The keys were then obtained from Appellee for the search.
The state, viewing the search as one incident to arrest, relies on New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), State v. Thomas, 711 So.2d 1241 (Fla. 2d DCA 1998), and State v. Saufley, 574 So.2d 1207 (Fla. 5th DCA 1991). Appellee distinguishes these authorities because although Appellee had recently entered, used, and located the vehicle, he had not been observed driving or otherwise occupying it. I would apply Belton here. However, in my view, the Fourth Amendment also permits this search without reference to the application of Belton. The Fourth Amendment is not violated by the search of a passenger vehicle where probable cause exists to believe that it contains contraband and it appears to be readily mobile.[1]
The development of the law in recent years has evidenced courts’ willingness to recognize a reduced expectation of privacy in a motor vehicle where there is probable cause to search for evidence of a crime under circumstances analogous to those here. See Pennsylvania v. Labron, 518 U.S. 938, 116 S.Ct. 2485, 135 L.Ed.2d 1031 (1996); Capraro v. Bunt, 44 F.3d 690 (8th Cir.1995). Although the Supreme Court, in California v. Carney, 471 U.S. 386, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985), recognizing this probable cause and exigency exception, appeared to exempt vehicles found in a place regularly used for residential purposes, the vehicles in Capraro and Labron (or, more accurately, in the Supreme Court consolidated appeal with Labron, Pennsylvania v. Kilgore, 518 U.S. 938, 116 S.Ct. 2485, 135 L.Ed.2d 1031 (1996)), were located in driveways of residential property when searched. I can discern no basis for distinguishing the search of a vehicle parked in a driveway, apparently ready for normal use, and the search of one that has recently arrived on the property. Other cases have recognized similar searches of vehicles parked in the parking area of motels or apartment buildings. Cf. United States v. Foxworth, 8 F.3d 540 (7th Cir.1993); Alexander.

. i.e., not stored, up on blocks, disabled, or not otherwise in a position or condition indicating a lack of readiness for normal movement. It is sufficient if the vehicle had the potential to be driven away by another. See United States v. Alexander, 835 F.2d 1406 (11th Cir.1988). Such circumstance furnishes sufficient exigency for a search under the automobile exception to the warrant requirement.