COMMONWEALTH OF KENTUCKY,
Appellant,

v.

Jonathon Shane MCMANUS and Adam
Levi Keister, Appellees.

No. 2001–SC–0312–DG.

Supreme Court of Kentucky.

June 12, 2003.

A.B. Chandler, III, Attorney General,
David A. Smith, Assistant Attorney Gener-

al, Office of Attorney General, Criminal Appellate Division, Courtney J. Hightower, Assistant Attorney General, Office of Attorney General, Criminal Appellate Division, Frankfort, Counsel for Appellant.

William F. McGee, Smithland, Andrew T. Coiner, Paducah, Counsel for Appellees.

## OPINION

STUMBO, Justice.

On July 30, 1998, Jon Hayden, a McCracken County Deputy Sheriff, received information that McManus and Keister, the appellees herein, were cultivating marijuana at the residence they shared in Paducah, Kentucky. This information was relayed to Hayden by an officer of the Murray Police Department, who had received said information from Keister's estranged wife. The address of the residence, 938 Lorine Lane, was located via a civil summons previously served on Keister.

During the evening hours of August 6, 1998, Hayden, along with two other deputies, traveled to the McManus and Keister residence in order to investigate the information previously received. The law enforcement officers did not secure a search warrant before they went to the residence because they did not believe they had sufficient reliable information to obtain one. They knocked on the door of the residence; McManus answered and then stepped out onto the porch in order to speak with the officers. The officers informed McManus that they had received information that marijuana was being cultivated inside the home, and asked for McManus' consent to search the premises. After McManus declined the request, the officers cautioned McManus that if there was marijuana being grown inside the residence, he should dispose of it, as the officers would likely return.

The officers left the residence. As they reached the public sidewalk, one of the officers noticed that the blinds were open on the picture window, which was located to the right of the front door. For the next several minutes, the officers observed McManus and another man running in a frenzied manner throughout the residence carrying items the officers deemed to be related to the indoor cultivation of marijuana, including pots and grow lights. Hayden contacted Chief Deputy Terry Long, who instructed Hayden to secure the residence by a warrantless entry, if Hayden believed that evidence was being destroyed. Long sought and received the same advice from the McCracken County Attorney. Hayden and the other officers then forced their way into the residence. Marijuana plants, and other incriminating evidence, were recovered as a result. McManus and the other man were taken into custody. Keister was not inside the residence at the time, but was apprehended soon thereafter.

In the McCracken Circuit Court, both McManus and Keister moved to suppress the evidence recovered at their residence. The appellees contended that the warrantless entry conducted by the McCracken County Sheriff's Department was in violation of the Fourth Amendment to the United States Constitution and Section 10 of the Kentucky Constitution. The trial court did not agree and denied the motions.

McManus then entered a conditional guilty plea under RCr 8.09 to one count each of trafficking in marijuana (KRS 218A.1421), tampering with physical evidence (KRS 524.100), and possession of a controlled substance in the first degree (KRS 218A.1415). Keister entered a conditional guilty plea under RCr 8.09 on one count of cultivation of marijuana (KRS 218A.1423) and for being a persistent felo-

ny offender (PFO) in the second degree (KRS 532.080(2)). Both received a sentence of ten years in prison.

McManus and Keister appealed to the Court of Appeals seeking review of the trial court's denial of their respective motions to suppress. A unanimous panel of the Court of Appeals concluded that the trial court committed error by not granting the suppression motions. The panel also held that there were no exigent circumstances sufficient to justify the warrantless entry of the appellees' residence. It was further held that the circumstances relied upon by the police were created by the officers' visit to the McManus home. The Commonwealth petitioned the Court of Appeals for a rehearing, which was denied. The Commonwealth then sought discretionary review of the instant matter in this Court, which was granted.

We now consider the points of error asserted by the Commonwealth.

## I.

The Commonwealth first argues that it was error for the Court of Appeals to determine that no exigent circumstances existed to justify the warrantless entry into the McManus and Keister residence.

■ Absent exigent circumstances, law enforcement officers may not enter an individual's private residence in order to conduct a warrantless search. *Payton v. New York*, 445 U.S. 573, 590, 100 S.Ct. 1371, 1382, 63 L.Ed.2d 639, 653 (1980). The Commonwealth bears the burden to demonstrate that exigent circumstances were present justifying the warrantless entry. *Vale v. Louisiana*, 399 U.S. 30, 34, 90 S.Ct. 1969, 1972, 26 L.Ed.2d 409, 413 (1970). "It is fundamental that all searches without a warrant are unreasonable unless it can be shown that they come within one of the exceptions to the rule that a search must be made pursuant to a valid warrant." *Cook v. Commonwealth*, Ky., 826 S.W.2d 329, 331 (1992). The Commonwealth also carries the burden to demonstrate that the warrantless entry into the McManus and Keister residence falls within a recognized exception. *Gallman v. Commonwealth*, Ky., 578 S.W.2d 47, 48 (1979).

■ The Commonwealth contends that the officers believed that McManus and another man were destroying evidence related to the offense of marijuana cultivation. Destruction of evidence is a recognized exigent circumstance creating an exception to the warrant requirement. *Cormney v. Commonwealth*, Ky.App., 943 S.W.2d 629, 633 (1996) (citing *Taylor v. Commonwealth*, Ky.App., 577 S.W.2d 46 (1979)). The Commonwealth relies on *Segura v. United States*, 468 U.S. 796, 104 S.Ct. 3380, 82 L.Ed.2d 599 (1984), where the United States Supreme Court held "that securing a dwelling, on the basis of probable cause, to prevent the destruction or removal of evidence while a search warrant is being sought is not itself an unreasonable seizure of either the dwelling or its contents." *Id.* at 810, 104 S.Ct. 3380.

■ The Commonwealth's reliance on *Segura* is misplaced. Unlike the law enforcement officers in *Segura*, the officers here did not have probable cause to enter the appellees' residence. In *Segura*, the officers "had abundant probable cause in advance of their entry to believe that there was a criminal drug operation being carried on in petitioners' apartment." *Id.* Specifically, the officers "had maintained surveillance over petitioners for weeks, and had observed petitioners leave the apartment to make sales of cocaine." *Id.* at 810–811, 104 S.Ct. at 3388. Here the officers had not conducted a surveillance operation of the appellees' residence.

Furthermore, Deputy Hayden admitted that he and the other officers did not have probable cause to obtain a search warrant based solely on information originating from Keister's estranged wife.

However, the Commonwealth asserts that the information from Keister's estranged wife, coupled with the officers' own observations at the residence, reasonably gave the officers probable cause to believe that marijuana was being cultivated in the residence. Since the officers were concerned that evidence was being destroyed, exigent circumstances were present authorizing the warrantless entry of the appellees' residence. We are not persuaded by this contention.

■ The *Segura* Court reaffirmed the rule that a warrantless search, absent exigent circumstances, is not legal. *Id.* at 810, 104 S.Ct. at 3388. "Where there are exigent circumstances in which police action literally must be 'now or never' to preserve the evidence of the crime, it is reasonable to permit action without prior judicial evaluation." *Roaden v. Kentucky,* 413 U.S. 496, 505, 93 S.Ct. 2796, 2802, 37 L.Ed.2d 757, 765 (1973). While the officers observed items that could be related to marijuana cultivation, they did not observe marijuana or any other illegal substance, only flower pots and grow lights. As stated above, the officers were aware they did not have probable cause to receive a search warrant before they went to the appellees' residence. Further, the Commonwealth failed to establish that the observed grow lights, pots and planting trays could be destroyed before a warrant could be obtained.

Under the circumstances, we do not think it was reasonable for the officers to enter the appellees' residence without prior judicial evaluation. "Before agents of the government may invade the sanctity of the home, the burden is on the government to demonstrate exigent circumstances that overcome the presumption of unreasonableness that attaches to all warrantless home entries." *Welsh v. Wisconsin,* 466 U.S. 740, 750, 104 S.Ct. 2091, 2098, 80 L.Ed.2d 732, 743 (1984). The Commonwealth has not adequately demonstrated that exigent circumstances existed to overcome this presumption. Therefore, we find no error in the Court of Appeals' decision. The trial court should have granted both motions to suppress. Because we have held that there were no exigent circumstances, we need not address the Commonwealth's second issue.

## II.

The Court of Appeals, applying *Johantgen v. Commonwealth,* Ky.App., 571 S.W.2d 110 (1978), reversed the trial court outright because "a conviction [was] impossible absent the evidence obtained by the unconstitutional entry and seizure." The Commonwealth asserts the Court of Appeals exceeded the scope of its authority when it essentially directed an acquittal in favor of McManus and Keister by "ruling on evidence admissibility as opposed to evidence sufficiency." We agree.

We have held that it is not the province of this Court to determine if "the Commonwealth can produce sufficient competent evidence to avoid a directed verdict of acquittal upon retrial." *Osborne v. Commonwealth,* Ky., 43 S.W.3d 234, 245 (2001). Likewise, it was not within the Court of Appeals' authority to essentially direct a verdict in favor of the appellees. The Commonwealth is free to continue its prosecution of the appellees. However, any such prosecution will be without the benefit of evidence gathered as a result of the unlawful warrantless entry.

For the reasons aforesaid, we affirm the Court of Appeals on Point I, reverse on

Point II, and hereby remand this matter to the McCracken Circuit Court for further proceedings in accordance with this opinion.

COOPER, JOHNSTONE and KELLER, JJ., concur.

GRAVES, J., dissents by separate opinion, with LAMBERT, C.J., and WINTERSHEIMER, J., joining that dissent.

GRAVES, Justice, Dissenting.

Respectfully, I dissent. I believe the proper disposition of this matter is an order of remand to the circuit court for entry of findings of fact and conclusions of law as previously requested by the Commonwealth Attorney. On May 19, 1999, the trial court entered a one-line order denying Appellees' motion to suppress, namely, "IT IS HEREBY ORDERED that the defendants' motion to suppress is DENIED." The trial court made no findings of fact or conclusions of law.

On September 8, 1999, after entry of Appellees' conditional guilty pleas, the Commonwealth filed the following motion:

Pursuant to RCr 9.78, the Commonwealth moves that the Court enter the Findings of Fact, Conclusions of Law and Order Denying Motion to Suppress, filed with this motion.

In support of this motion, the Commonwealth states that the Court has denied the defendants' motion to suppress. The defendants have now pled guilty, under the condition that they be permitted to appeal the Court's denial of their motion to suppress. Findings of Fact and Conclusions of Law have not been entered setting forth the Court's reasons for its decision.

So moved this 8th day of September, 1999.

Criminal Rule 9.78 provides, in pertinent part, as follows:

If ... a defendant moves to suppress, ... the fruits of a search, the trial court shall conduct an evidentiary hearing ... and at the conclusion thereof shall enter into the record findings resolving the essential issues of fact raised by the motion ... and necessary to support the ruling. If supported by substantial evidence the factual findings of the trial court shall be conclusive.

*Brown v. Commonwealth,* Ky.App., 564 S.W.2d 24, 28 (1978), holds that RCr 9.78 requires the trial court to make findings of fact supporting its decision to grant or deny a motion to suppress evidence of a confession or other incriminating statements or evidence of fruits of a search. The trial judge is in the best position to determine the credibility and sufficiency of the evidence and an appellate court is bound by the findings of fact of the trial judge unless there is a clear error or abuse of discretion.

Meaningful appellate review is impeded in this case because the trial court did not enter findings of fact. Without a reasoned explanation, neither the parties nor this Court knows the rationale for the court's ruling. Consequently, should the trial court find and conclude that exigent circumstances existed, this matter should be affirmed as a matter of law.

I am of the opinion that the frenzied destruction of marijuana cultivation paraphernalia, plainly observed by sheriff's deputies from a public sidewalk, created a exigency of sufficient magnitude to justify the warrantless entry into Appellees' home. Warrantless entry is justified when police must act "now or never" to preserve evidence of criminal activity. *Roaden v. Kentucky,* 413 U.S. 496, 93 S.Ct. 2796, 37 L.Ed.2d 757 (1973). Exigent circumstances may occur which ex-

cuse the warrant requirement when the physical destruction of incriminating evidence is imminent. *Cormney v. Commonwealth*, Ky.App., 943 S.W.2d 629 (1996).

The United States Court of Appeals for the Sixth Circuit has held that in order to temporarily dispense with the warrant requirement police officers must show "a reasonable belief that third parties are inside the dwelling" as well as an "objectively reasonable basis for concluding that the loss or destruction of evidence is imminent." *United States v. Sangineto-Miranda*, 859 F.2d 1501, 1512 (6th Cir.1988). Furthermore, in evaluating police claims of exigent circumstances, courts must "consider the totality of the circumstances, as well as the 'inherent necessities of the situation at the time.'" *Id.* at 1512, *quoting United States v. Rubin*, 474 F.2d 262, 268 (3d Cir.1973), *cert. denied*, 414 U.S. 833, 94 S.Ct. 173, 38 L.Ed.2d 68 (1973).

Police officers, due to their training and experience, may legitimately perceive criminality in objects or conduct that would appear innocent in the perspective of an untrained layman. *Texas v. Brown*, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983). *See also Washington v. Chrisman*, 455 U.S. 1, 102 S.Ct. 812, 70 L.Ed.2d 778 (1982). Deputy Sheriff Hayden immediately recognized that the grow light, pots, and trays inside Appellees' home were likely associated with the cultivation of marijuana. That insight, augmented by the tip as well as by McManus' apparent destruction of evidence following the "knock and talk," properly led Deputy Hayden to conclude that exigent circumstances were present necessitating warrantless entry.

In section IV of *Segura v. United States*, 468 U.S. 796, 104 S.Ct. 3380, 82 L.Ed.2d 599 (1984), Chief Justice Burger pointed out that seizures of premises are less likely to violate the Constitution than are searches, because seizures affect only possessory interests rather than the more highly protected privacy interests. In Section IV of *Segura*, however, the Chief Justice was joined only by Justice O'Connor. In differentiating between searches and seizures, the Chief Justice opined:

> [T]he heightened protection we accord privacy interests is simply not implicated where a *seizure* of the premises, not a *search*, is at issue. We hold, therefore, that securing a dwelling, on the basis of probable cause, to prevent the destruction or removal of evidence while a search warrant is being sought is not itself an unreasonable seizure of either the dwelling or its contents.

*Id.* at 810, 104 S.Ct. 3380 (emphasis in original).

The absence of a true exigency necessitating warrantless entry does not inexorably lead to the exclusion of evidence obtained in a subsequent search. If information sufficient to support a probable cause determination existed independent of any evidence discovered during an illegal entry, evidence discovered later pursuant to a judicially sanctioned search warrant is not tainted. *Segura, supra*, (majority opinion, §§ I–III, V & VI). The tip received by the McCracken County Sheriff's Department, along with the observation of marijuana cultivation paraphernalia inside the McManus home, provided independent grounds upon which to base a search warrant. No evidence discovered in the warrantless entry was required in the probable cause determination, despite the fact that such evidence was included by Deputy Hayden in the warrant application.

The Fourth Amendment prohibits only searches that are unreasonable. Here, the police officers had reasonable belief of a crime being committed based not only on reliable information, but also on personal

observation that there was indoor cultivation of marijuana. Delaying entry would have created a substantial risk that evidence would have been destroyed. These critical circumstances dictated that a seizure be executed immediately to preserve the status quo without the delay attendant to obtaining a warrant. This was an exigent circumstance because there was an immediate compelling need for official action and insufficient time to secure a warrant.

In *United States v. Korman*, 614 F.2d 541, 545 (6th Cir.1980) *cert. denied*, 446 U.S. 952, 100 S.Ct. 2918, 64 L.Ed.2d 808 (1980), the United States Court of Appeals for the Sixth Circuit approved of the lower court's deferential attitude toward law enforcement officers:

> It is also to be noted in this regard that the case law is clear that the agents, in reaching a decision of the nature that they did here, need only have sufficient information to justify the warrantless entry to reasonably conclude that evidence would be destroyed or removed. A hindsight, Monday-morning quarterback position, which might show that in fact that was not about to happen, is not the standard by which their conduct is to be judged, but rather the situation as it appeared to them at the time.

The presence or absence of exigent circumstances involves a finding of fact which is reviewed for clear error. *United States v. Richard*, 994 F.2d 244, 248 (5th Cir. 1993). In the absence of a full evidentiary hearing and findings of fact by the trial court, it is impossible for any reviewing court to determine the legality of the seizure. The trial court should make the requested findings of fact concerning exigent circumstances.

LAMBERT, C.J., and WINTERSHEIMER, J., join this dissenting opinion.