Lewis BISHOP, Appellant

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2006–CA–001636–MR.

Court of Appeals of Kentucky.

Oct. 5, 2007.

Julia K. Pearson, Assistant Public Advocate, Department of Public Advocacy, Frankfort, KY, for appellant.

Gregory D. Stumbo, Attorney General of Kentucky, Robert E. Prather, Assistant Attorney General, Frankfort, KY, for appellee.

Before KELLER and VANMETER, Judges; GUIDUGLI,[1] Senior Judge.

## OPINION

VANMETER, Judge.

As a general rule, warrantless searches are unreasonable unless they fall into one of the exceptions to the warrant requirement. The issue we must resolve is whether the Madison Circuit Court erred when it denied Lewis Bishop's motion to suppress evidence of a methamphetamine laboratory found in the trunk of his car. We hold that it did not, and therefore affirm.

On January 4, 2006, Officer Jake Reed of the Berea Police Department received information from Anthony Kelley that Bishop had stolen a license plate from a vehicle belonging to Kelley's mother. Kelley also informed Reed that Bishop might be involved in the manufacture of methamphetamine at an undisclosed location. Reed, a rookie officer, discussed the information with Officer Kenneth Puckett and Lieutenant David Gregory. Since theft of a license plate is a felony pursuant to KRS 186.990(6), Puckett and Gregory decided to accompany Reed to the location of Bishop's car, a white Saturn.

At approximately 3:30 a.m., the officers arrived at the apartment complex where Bishop was staying with his girlfriend, Medeana Stamper. Puckett saw the white Saturn, pulled behind it, ran a check on the license plate, and confirmed that the plate was registered to a different vehicle, i.e., one owned by Kelley's mother. While sitting in his cruiser, Puckett noticed that the Saturn's trunk was open about 3 to 5 inches. The officers went to Stamper's apartment door, which Stamper answered, inquired as to the ownership of the car, and advised that they were investigating some vandalism. Bishop then came to the door, confirmed the car was his, and accompanied the officers to the parking lot, which was adjacent to an elementary school. At that point, the officers advised Bishop that the license plate was reported stolen and he was under arrest. Bishop was placed in the back of Reed's car. When Puckett then walked to the back of the Saturn, he noticed a strong chemical smell coming from the open trunk and suspected a methamphetamine lab. He lifted the trunk lid and found two jars containing cloudy liquid substances. Puckett called over Gregory, who confirmed by sight and smell that the jars were being used to produce methamphetamine.

Bishop was charged with manufacturing methamphetamine[2] and with theft of a motor vehicle registration plate.[3] Following a hearing, the Madison Circuit Court rejected Bishop's claim that the search violated his Fourth Amendment rights and denied his motion to suppress. Bishop thereafter entered a conditional guilty plea to the manufacturing charge and was sentenced to ten years' imprisonment. Bishop now appeals.

In reviewing the denial of a suppression motion, we will apply a "clear

---

1. Senior Judge Daniel T. Guidugli, sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

2. KRS 218A.1432.

3. KRS 186.990(6).

error standard of review for factual findings and a *de novo* standard of review for conclusions of law." *Jackson v. Commonwealth,* 187 S.W.3d 300, 305 (Ky.2006) (citing *Welch v. Commonwealth,* 149 S.W.3d 407, 409 (Ky.2004)). Warrantless searches are unreasonable unless they fall into one of the exceptions to the warrant requirement. *Commonwealth v. McManus,* 107 S.W.3d 175, 177 (Ky.2003); *Cormney v. Commonwealth,* 943 S.W.2d 629, 633 (Ky. App.1996). Under one exception to the warrant requirement, "evidence found in 'plain view' may be seized without a warrant." *Hallum v. Commonwealth,* 219 S.W.3d 216, 221 (Ky.App.2007). Further, Kentucky courts have followed the federal courts' lead in recognizing "a 'plain smell' analogue to the 'plain view' doctrine." *Cooper v. Commonwealth,* 577 S.W.2d 34, 36 (Ky.App.1979) (overruled on other grounds by *Mash v. Commonwealth,* 769 S.W.2d 42, 44 (Ky.1989)). Another exception to the warrant requirement "arises when, considering the totality of the circumstances, an officer reasonably finds that sufficient exigent circumstances exist, such as a risk of danger to police or others." *United States v. Atchley,* 474 F.3d 840, 850 (6th Cir.2007). *See Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). Other exigent circumstances justifying a warrantless entry are those which require "swift action to prevent imminent danger to life or serious damage to property," 68 Am.Jur.2d *Searches and Seizures* § 134 (2000), and action to prevent the imminent destruction of evidence. *See, e.g., Cormney,* 943 S.W.2d at 633.

■ Here, the officers testified to facts which were relatively straightforward and not disputed. Further the trial court found that exigent circumstances existed in that the officers had a legitimate concern for public safety since methamphetamine production, an inherently dangerous act, was occurring in a public place. However, Bishop argues that the trial court erred by so concluding. Specifically, Bishop cites *United States v. Chambers,* 395 F.3d 563 (6th Cir.2005), and asserts that the officers' prior knowledge of his possible involvement in manufacturing methamphetamine, at an undisclosed location, resulted in their "creat[ing] the exigency" since they knew a methamphetamine lab might "possibly" be wherever he was located.

In *Chambers,* the police investigated a possible methamphetamine lab in rural Tennessee for four months and conducted extensive surveillance based on information from a known confidential informant. The police conducted helicopter flyovers, noted the suspect's installation of surveillance cameras and high-intensity search lights, and observed that numerous cars, some with out-of-county license plates, made short, frequent, nighttime visits to the rural location. The police believed these observations were consistent with drug sales. Immediately before the search, the police received an anonymous tip that the suspect was cooking methamphetamine "right now." In response, the police went to the residence to perform a "knock and talk investigation" which they hoped would lead to a consensual search of the property. When the occupants of the house refused to talk, the police used that refusal as justification for their entry.

Based on all the circumstances, the Sixth Circuit Court of Appeals held that "[w]hen the police go to a home with the intention of searching for evidence, they may not forgo a warrant." 395 F.3d at 565. Citing *Coolidge v. New Hampshire,* 403 U.S. 443, 454–55, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), and *McDonald v. United States,* 335 U.S. 451, 454–55, 69 S.Ct. 191, 93 L.Ed. 153 (1948), the court noted that officers are to "seek a warrant based on probable cause when they have a

belief in advance that they will find contraband or evidence of a crime. They may only forego [sic] a warrant in the case of a true exigency or emergency." 395 F.3d at 566. Furthermore, "for a warrantless search to stand, law enforcement officers must be responding to an unanticipated exigency rather than simply creating the exigency for themselves." *Id.*

In this regard, Bishop argues that the Berea police officers possessed knowledge equivalent to that of the officers in *Chambers,* as the officers were there not to "investigate a stolen license plate … [but] to find methamphetamine that might 'possibly' be there or wherever Bishop might be." However, this argument is refuted by the trial court's findings of fact that the officers had no knowledge that methamphetamine was in the back of the car, and that they had insufficient information or motive to manufacture any exigent circumstances. These findings are not clearly erroneous.

We conclude that the trial court did not clearly err by finding the existence of a "plain smell" exception to the warrant requirement. Further, the court did not clearly err by finding that a search was justified by the exigent circumstances created when an active methamphetamine lab was found in the trunk of a car parked in an apartment complex lot next to an elementary school. The trial court therefore correctly denied Bishop's motion to suppress.

The Madison Circuit Court's judgment is affirmed.

ALL CONCUR.