**Jamar Meikos HALL, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 2012–CA–001030–MR.**

Court of Appeals of Kentucky.

Jan. 10, 2014.

Discretionary Review Denied by Supreme Court Sept. 10, 2014.

Thomas M. Ransdell, Assistant Public Advocate, Frankfort, KY, for Appellant.

Jack Conway, Attorney General of Kentucky, Tami Allen Stetler, Assistant Attorney General, Frankfort, KY, for Appellee.

Before COMBS, LAMBERT, and THOMPSON, Judges.

## OPINION

COMBS, Judge:

Jamar Hall appeals the order of the Fayette Circuit Court denying his motion to suppress evidence. After reviewing the record and the pertinent law, we affirm in part and reverse in part and remand.

On September 28, 2011, a Louisville branch of the United States Postal Service (USPS) was conducting a routine search for suspicious packages. A box that had been sent from "Lamps Plus" in California

was flagged. The package appeared suspicious because both the sender and the named recipient were listed as "Farrington Moore." A USPS inspector contacted Lamps Plus in order to verify that it is a legitimate business and that it regularly ships its goods through the USPS. The person contacted at Lamps Plus was unable to verify whether the package was or was not from the store; however, he gave the inspector permission to open the package.

The inspector, Agent Kyle Erhardt, opened the parcel and discovered several packages of marijuana which amounted to nearly twelve pounds. The package was addressed to Farrington Moore at 1186 Accord Drive in Lexington. Agent Erhardt determined that 1186 Accord Drive is a legitimate address, but he was unable to locate any information concerning a person by the name of Farrington Moore. Agent Erhardt learned that a woman named Ronnae Henderson lived at the Accord Drive address.

Agent Erhardt contacted Lexington Police Department Detective Byron Smoot. Together, they resealed the box of marijuana and drove to 1186 Accord Drive. Both Agent Erhardt and Detective Smoot testified that they intended to conduct a "knock-and-talk" investigation. The address was located on one side of a duplex. Agent Erhardt and Detective Smoot knocked on the door repeatedly, but there was no answer. The occupants of the other side of the duplex responded. They are a couple who own the residence and who confirmed that Ronnae Henderson and her young child lived in the other side. They had never heard of a person by the name of Farrington Moore. However, they had received and held two other packages for Henderson—both of which had come from California and were addressed to someone other than Henderson.

One of the landlords then used his key to unlock Henderson's door. He opened the door and yelled for her. Henderson then came to the door. Detective Smoot told her that he smelled marijuana and that, therefore, he was going to enter her house. He testified that Henderson led him to her bedroom where she opened a dresser drawer containing a baggie holding approximately 2.5 grams of marijuana.

Detective Smoot and Agent Erhardt then took Henderson into her kitchen where they questioned her. She initially denied having knowledge of the package, but she finally admitted that she agreed to receive the packages on behalf of Hall, the appellant. During the questioning, Hall showed up at the house. He denied knowledge of the package but admitted having picked up one in the past. Both Henderson and Hall were arrested and charged with trafficking marijuana, more than five pounds.

On December 29, 2011, Hall filed a motion to suppress the contents of the package as well as the statements that were made at Henderson's residence. The trial court held a hearing on February 2, 2012. On March 1, 2012, the court entered its order which denied the motion. On May 11, 2012, Hall entered a conditional guilty plea to misdemeanor facilitation to trafficking under five pounds. He received a sentence of twelve-months' incarceration, which was probated for two years. This appeal follows. Hall's contention is that the motion should have been granted because the search of the box and the entry into Hall's apartment were both illegal.

The Fourth Amendment of the United States Constitution and Section 10 of Kentucky's Constitution provide protection against unreasonable searches and seizures. A basic tenet of Fourth Amendment analysis is that evidence obtained in

an illegal or unreasonable search is not admissible in court. *Wilson v. Commonwealth*, 37 S.W.3d 745, 748 (Ky.2001). See also *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). The standard of review for a motion to suppress evidence is twofold. First, Kentucky Rule[s] of Criminal Procedure (RCr) 9.78 provides that, "If supported by substantial evidence[,] the factual findings of the trial court shall be conclusive." The trial court's application of the law to the facts is reviewed *de novo*. *Lynn v. Commonwealth*, 257 S.W.3d 596, 598 (Ky.App.2008).

 Hall contends that Agent Erhardt impermissibly opened the package of marijuana because Lamps Plus did not have authority to consent to its search. A search conducted without a warrant is presumed to violate the Fourth Amendment of the United States Constitution unless it satisfies the criteria of certain exceptions. *Cook v. Commonwealth*, 826 S.W.2d 329, 331 (Ky.1992) (*citing Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971)). One of those exceptions is consent. *Id.* Consent is valid if the person giving it has "authority over or other sufficient relationship to" the effects that are being searched. *Butler v. Commonwealth*, 536 S.W.2d 139, 140 (Ky.1976) (quoting *United States v. Matlock*, 415 U.S. 164, 171, 94 S.Ct. 988, 993, 39 L.Ed.2d 242 (1974)). Authority can be either actual or apparent. *Colbert v. Commonwealth*, 43 S.W.3d 777, 784 (Ky.2001). A warrantless search is lawful if the circumstances at the time of the search would " 'warrant a man of reasonable caution in the belief' that the consenting party had authority[.]" *Illinois v. Rodriguez*, 497 U.S. 177, 188, 110 S.Ct. 2793, 2801, 111 L.Ed.2d 148 (1990) (quoting *Terry v. Ohio*, 392 U.S. 1, 21–22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968)).

 In the case of this package, we believe that it was reasonable for the postal employees to rely on the consent from Lamps Plus. Lamps Plus was indicated as the sender, and it is in the business of shipping goods through the mail. The postal workers exercised reasonable caution by contacting Lamps Plus to insure that it was a legitimate business located at the address shown on the package. Thus, the court did not err in denying the motion to suppress the contents of the package on the basis of the consent from Lamps Plus.

Hall's next argument is that Agent Erhardt and Detective Smoot impermissibly entered Henderson's home. We agree.

 Detective Smoot and Agent Erhardt both testified that they went to Henderson's home in order to conduct a knock and talk. "The knock and talk procedure involves law enforcement officers approaching a home for the purpose of obtaining information about a crime that has been committed, a pending investigation, or matters of public welfare." *Quintana v. Commonwealth*, 276 S.W.3d 753, 756 (Ky.2008). The doctrine confines police officers to the main entrance of the house. They are deemed to possess the same right to be there as any member of the public. *Id.* at 758.

 Both officers testified that when they knocked on Henderson's door, she did not answer. Detective Smoot testified that Henderson's landlord used a key and opened her door. When he opened the door, the scope of a knock and talk was exceeded.

 Henderson's landlord did not have authority to open the door. The Supreme Court of the United States has held that a warrantless search based on consent by a landlord is illegal. *Chapman v. United States*, 365 U.S. 610, 81 S.Ct. 776, 5 L.Ed.2d 828 (1961). *Chapman* involved a

Georgia statute. Kentucky has a similar statute, Kentucky Revised Statute[s] (KRS) 383.615, which provides, in part, as follows:

> (3) Except in case of emergency or unless it is impracticable to do so, the landlord shall give the tenant at least two (2) days' notice of his intent to enter and may enter only at reasonable times.
>
> (4) A landlord has no other right of access except:
>
> (a) Pursuant to court order;
>
> (b) As permitted by KRS 383.665 and 383.670(2); or
>
> (c) Unless the tenant has abandoned or surrendered the premises.

None of these circumstances or conditions applied at Henderson's home. There was no emergency. The package of marijuana was in the hands of the officers. It was not in danger of being destroyed. The package of nearly twelve pounds of marijuana with an actual address was clearly a sufficient basis to obtain a warrant. There was no legal justification for Henderson's landlord to unlock her door.

 In its order, the trial court found that Agent Erhardt and Detective Smoot entered lawfully because of the "exigent circumstances" exception to the need for a warrant. The court named the smell of marijuana as the exigent circumstance.

 Plain smell which indicates the commission of a serious crime has long been accepted as the basis of conducting searches without warrants when it is indicative of exigent circumstances. *Bishop v. Commonwealth*, 237 S.W.3d 567 (Ky.App. 2007). Destruction of evidence is a prime factor justifying a search based on plain smell. *Kentucky v. King*, 563 U.S. ——, 131 S.Ct. 1849, 1856–57, 179 L.Ed.2d 865 (2011). However, the exception does not apply when or if the police themselves create the exigent circumstances and then attempt to act upon them in violation of the Fourth Amendment. *Id.* at 1857.

*King* is squarely on point for purposes of the case before us. The officers created the exigent circumstance of plain smell when they improperly permitted Henderson's landlord to unlock her door. They wholly exceeded their authority in persuading or even permitting the landlord to conduct an illegal entry and then to bootstrap their own illegal entry on his alleged "third-party" consent. Detective Smoot testified that he told Henderson that he had probable cause to enter and went in to the residence without her consent.

The Fourth Amendment **guarantees** the right to be secure in one's home. This right is violated when police enter homes by means of a landlord's impermissible entrance. Case law and statutory law are well established and unequivocal on this issue. Therefore, the trial court erred in denying Hall's motion to suppress all evidence obtained as a result of the illegal entry.

We affirm the order of the Fayette Circuit Court as it pertains to the box of marijuana. However, we are compelled to reverse that portion of the order which concerns evidence from Henderson's residence, and we remand for entry of an order consistent with this opinion.

ALL CONCUR.