**Charles SOUTHERS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2005–CA–001685–MR.

Court of Appeals of Kentucky.

Dec. 1, 2006.

**14.** *Moore v. Commonwealth,* 954 S.W.2d 317, 319 (Ky.1997), citing *Sedley v. City of West* *Buechel,* 461 S.W.2d 556, 559 (Ky.1970).

Angela Johnson, Frankfort, KY, for appellant.

Gregory D. Stumbo, Attorney General of Kentucky, Louis F. Mathias, Jr., Assistant Attorney General, Frankfort, KY, for appellee.

1. Senior Judge Paul W. Rosenblum, sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

Before TAYLOR, Judge; ROSENBLUM,[1] Senior Judge; MILLER,[2] Special Judge.

## OPINION

ROSENBLUM, Senior Judge.

Charles Southers appeals from an order of the Breathitt Circuit Court denying his October 17, 2003, motion to suppress evidence. Finding error, we vacate and remand.

■ As a preliminary note, the question of whether Southers has "standing" to challenge the search has been raised. However, the trial court made no determination of the issue; therefore, we will not consider it. If the Commonwealth wanted to make standing an issue, it should have secured a ruling from the trial court. *See e.g., Clark v. Commonwealth,* 868 S.W.2d 101, 102–103 (Ky.App.1993)(declining to reach a standing issue where the record was not complete as to that issue).

On January 8, 2003, Southers, along with his girlfriend, Lynnis Landrum, were staying at the motel room of a friend, Greg Swift. At approximately 10:26 p.m. that evening, Southers and Landrum were together in the room, although Swift was not present. About that time, they were visited by an acquaintance named Janie Turner. After a brief visit, Turner left the room.

A few minutes prior, Officer Barrett and Officer Brian Haddix had been separately dispatched to the motel on a report that one Roger Wyatt was intoxicated and disturbing the peace by randomly knocking on the doors of other guests. Upon arrival, the officers split up and began search-

2. Retired Judge John D. Miller, sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution.

ing for Wyatt. Apparently, neither officer found Wyatt.

During his search for Wyatt, and while still separate from Officer Haddix, Officer Barrett happened upon Turner exiting Swift's room (occupied at that time by Southers and Landrum). Officer Barrett asked Turner if Wyatt was inside the room. Turner, holding the door open several inches, replied that he was not inside and that the room belonged to Swift. He then asked her who was inside the room and Turner responded, "friends," but did not name the parties inside the room. Turner then opened the door further and yelled inside, "the police is here—the police is here." At no time during this exchange could Officer Barrett see inside the room, except for the inside wall.

Officer Barrett became suspicious and edged Turner to the side and out of the way of the door. Without announcing himself, Officer Barrett then further opened the door which allowed him to observe Southers and Landrum. Officer Barrett testified that he was justified in opening the door to look inside because he "wanted to make sure who was in the room, in case they were burglarizing the apartment or doing something against [Swift's] will in the apartment." He could see Southers and Landrum sitting on the bed in the room and a baggie containing syringes and orange caps. Upon seeing the officer, Southers jumped from the bed and entered the bathroom. Officer Barrett followed and a struggle ensued as he tried to prevent Southers from flushing an object down the toilet. By this time, Officer Haddix had also entered the room and helped subdue Southers. Southers had been trying to flush a pill bottle containing

200 milligrams of morphine. Southers and Landrum were arrested.

On April 25, 2003, a Breathitt Circuit Court grand jury indicted Southers, charging him with possession of a controlled substance, possession of drug paraphernalia, failure to possess a controlled substance in the original container, and resisting arrest.[3] Southers represented himself at trial. At a hearing on October 10, 2003, Southers made an oral motion to suppress the evidence in the case, arguing that the officers lacked probable cause to enter the room. The suppression hearing was held on October 17, 2003, with Officer Barrett as the only witness called to testify. Following the officer's testimony, the court denied Southers' motion and set a trial date.

The trial commenced on May 10, 2005 and again Southers acted pro se. The Commonwealth moved to dismiss the failure to possess a controlled substance in the original container charge. The motion was granted and at the close of the Commonwealth's case, Southers moved for a directed verdict. Southers' motion was denied. Following deliberations, the jury found Southers guilty of possession of a controlled substance only. Southers was sentenced to two and a half years. Southers brings this appeal arguing that the court erred in denying the motion to suppress.

■ Our standard of review of the trial court's decision on a motion to suppress requires that we first determine whether the trial court's findings of fact are supported by substantial evidence. *Commonwealth v. Neal*, 84 S.W.3d 920, 923 (Ky. App.2002). If they are, then they are conclusive. *See* RCr. 9.78. Based on those

---

**3.** Kentucky Revised Statutes 218A.1415, 218A.500, 218A.210 and 520.090, respectively.

findings, we must then conduct a *de novo* review of the trial court's application of law to those facts to determine whether its decision is correct as a matter of law. *Id.; Adcock v. Commonwealth,* 967 S.W.2d 6, 8 (Ky.1998); *Commonwealth v. Opell,* 3 S.W.3d 747, 751 (Ky.App.1999).

Here, the trial court's findings of fact are supported by substantial evidence gathered from the testimony of Officer Barrett. We therefore consider the trial court's findings of fact conclusive. However, with regard to the trial court's conclusion that probable cause existed for the officer to enter the motel room, we find that the application of the law to those facts was erroneous as a matter of law. We therefore vacate and remand.

Southers contends that the court erred when it denied his suppression motion and found that probable cause existed for Officer Barrett to enter the motel room. We agree.

■ Whether probable cause exists is determined by examining the totality of the circumstances. *United States v. Hammond,* 351 F.3d 765 (6th Cir.2003). Furthermore, the test for probable cause is whether there is a fair probability that contraband or evidence of a crime will be found in a particular place. *See United States v. Miller,* 314 F.3d 265 (6th Cir. 2002), reh'g and suggestion for reh'g denied, cert. denied, 539 U.S. 908, 123 S.Ct. 2261, 156 L.Ed.2d 121.

Here, Officer Barrett testified at the suppression hearing that he wanted to look in the room in case it was being burglarized or in case someone inside was doing something against Swift's will. However, Officers Barrett and Haddix initially went to the motel upon the report that an intoxicated individual was randomly knocking on guest doors. Nothing in that report suggested to the officers that a burglary was in progress at the motel. Further, although Turner's answers to Officer Barrett were evasive, her conduct was not. Turner was not attempting to close the door on Officer Barrett to prevent him from seeing inside. Indeed, she kept the door at least partially open the entire time Officer Barrett questioned her. Officer Barrett observed Turner say only that "the police is here." Officer Barrett did not testify that there was evidence of forced entry. Additionally, Officer Barrett's conduct did not indicate that he thought Turner was engaged in criminal activity because he made no attempt to detain her or perform a "pat-down" search for his own safety. Moreover, Officer Barrett's testimony did nothing other than establish that he had a vague suspicion that a burglary, or some other crime, may have been in progress. Under the totality of the circumstances those facts are insufficient to establish probable cause to believe that criminal activity was afoot. Thus, we are of the opinion that the trial court erred in denying Southers' motion to suppress.

■ Contrary to Southers' position, the Commonwealth argues that exigent circumstances existed to justify Officer Barrett's entry into the motel room. We disagree. Absent probable cause **and** exigent circumstances, law enforcement officers may not enter an individual's private residence [4] in order to conduct a warrantless search. *Commonwealth v. McManus,* 107 S.W.3d 175 (Ky.2003)(emphasis ours). *See also Commonwealth v. Hatcher,* 199

---

4. Kentucky courts, adopting the rule in *Stoner v. California,* 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964), have held that occupants of hotel and motel rooms are entitled to the same protections against unreasonable searches and seizures. *See Commonwealth v. Johnson,* 777 S.W.2d 876 (Ky.1989).

S.W.3d 124 (Ky.2006); *United States v. Brown*, 449 F.3d 741 (6th Cir.2006). Consequently, warrantless searches, like the one conducted by Officer Barrett, require both probable cause and exigent circumstances. Even if an exigent circumstance existed, it does not excuse the burden on the Commonwealth to show that probable cause justifying the search was present. Because it would be unreasonable for an officer in Barrett's shoes to believe a burglary was in progress (or any other crime), exigent circumstances did not exist that justified the warrantless entry. Thus, the trial court erred in denying Southers' motion to suppress.

The Commonwealth also contends that Officer Barrett had probable cause to enter the motel room because the drug paraphernalia on the bed was in plain view from the doorway. We are cognizant of the statutory authorization for an officer to make an arrest without a warrant when certain crimes are committed in his presence.[5] However, in this case, Officer Barrett was able to see the drug paraphernalia in plain view only *after* opening the door to the motel room in violation of the warrant requirement. Because Officer Barrett had no justifiable reason to enter the room without first obtaining a warrant, the fruits (i.e., the drugs and paraphernalia) of the illegal entry should have been suppressed.

Finally, Southers argues that the trial court erred when it denied his motion for directed verdict of acquittal following presentation of the Commonwealth's case in chief. Because we vacate and remand on other grounds, we need not address this issue.

For the foregoing reasons, the judgment of the Breathitt Circuit Court is vacated

5. See KRS 431.005(1)(c) and (d).

and remanded for further proceedings consistent with this opinion.

MILLER, Special Judge, concurs.

TAYLOR, Judge, dissents without separate opinion.