RENDERED: JANUARY 24, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1266-MR

RONNIE D. MARDIS                                                    APPELLANT

APPEAL FROM MARSHALL CIRCUIT COURT
v.        HONORABLE KEVIN D. BISHOP, SPECIAL JUDGE
ACTION NO. 21-CR-00209

COMMONWEALTH OF KENTUCKY                                APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, KAREM, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Ronnie D. Mardis appeals an October 10, 2023, Judgment and Sentence on Conditional Plea of Guilty of the Marshall Circuit Court following the circuit court's Order entered December 14, 2022, denying his motion to suppress evidence.[1] We affirm.

---

[1] Ronnie D. Mardis filed a Kentucky Rules of Civil Procedure 59.05 motion to alter, amend, or vacate the judgment of conviction which was denied by order entered October 19, 2023.

## BACKGROUND

On August 18, 2021, Kentucky State Police (KSP) Trooper William Propes was notified by KSP Lieutenant Dean Patterson that KSP had been contacted by a FedEx facility in Paducah regarding a suspicious package that was sent by Mardis from Nevada City, California, to Brittany Mardis, his ex-wife, in Hardin, Kentucky. Trooper Propes contacted Brittany, who stated she had received emails from FedEx about packages to be delivered to her at her ex-husband's residence. Brittany indicated she had not lived at that address since February of 2020, and had no contact with Mardis other than to conduct visitation with their children.

At his request, Brittany met Trooper Propes at the Marshall County Sheriff's office, where FedEx delivered the package to her. Upon delivery, Brittany immediately released the package to KSP. She also signed a consent to search the package. Before a search was performed on the package, a canine unit performed a "free air sniff" search. The canine alerted police to illegal substances. Trooper Propes searched the package, which contained ten pounds of marijuana, divided into individual one-pound bags. The package also contained one pound of psilocybin mushrooms. Based on the contents of the package, Trooper Propes obtained a search warrant for the address listed on the package, which was Mardis' residence. Execution of the search warrant resulted in recovery of quantities of

numerous narcotics, other illicit substances, marijuana, paraphernalia, digital scales, and a handgun. Mardis was arrested after the search.

On August 24, 2021, two more packages from Nevada City, California, arrived at the FedEx facility. One package was again addressed from Mardis to Brittany at the same address; the other was not addressed to Brittany, but listed the same address. FedEx again contacted Trooper Propes and a canine alerted to the presence of illegal substances in the package addressed to Brittany. Afterward, Brittany was contacted and again signed a consent to search the package addressed to her at Mardis' home address. The package contained thirteen pounds of marijuana. The other package was what Trooper Propes called a "decoy package" and contained only toilet paper.

In September of 2021, Mardis was charged in the circuit court with ten felony offenses for enhanced trafficking in various controlled substances as well as for being a convicted felon in possession of a handgun. In a separate action, Mardis was indicted for theft of identity without consent.[2] Mardis filed a motion in Marshall Circuit Court to suppress the evidence from the FedEx packages, arguing Brittany did not have the authority to consent to the searches.

---

[2] The two cases were consolidated, but the theft of identity charge was eventually dismissed as part of the plea agreement. *See* Marshall County Case No. 22-CR-00253. In its brief to this Court, the Commonwealth of Kentucky indicates that the indictment for theft of identity was based on Mardis' use of Brittany Mardis' identity to avoid detection. *See* page 5 of appellee's brief.

Mardis also argued that, because Brittany's consent was improper, the subsequent warrant to search his home that resulted in myriad controlled substances was "fruit of the poisonous tree" and should also be suppressed.

The trial court conducted an evidentiary hearing on November 7, 2022, and only Trooper Propes testified. In the court's order denying the motion to suppress, the trial court reasoned that Brittany did have authority to consent to the search of the packages because they were addressed to her. The trial court also pointed out that Mardis had acknowledged in his memorandum to the court that probable cause existed to search the packages and that a search warrant could have been obtained without Brittany's consent.

In June of 2023, Mardis entered a conditional guilty plea to enhanced trafficking of marijuana, greater than five (5) pounds, second or greater offense, along with several minor trafficking offenses. Four charges were dismissed in exchange for the plea. The trial court then sentenced Mardis to a total of fifteen-years' incarceration. This appeal followed.

## STANDARD OF REVIEW

This Court's standard of review of a circuit court's denial of a motion to suppress requires a two-step analysis. First, the circuit court's factual findings are conclusive if supported by substantial evidence. *Milam v. Commonwealth*, 483 S.W.3d 347, 349 (Ky. 2015). Second, the court's application of the law to those

facts is reviewed *de novo*. *Simpson v. Commonwealth*, 474 S.W.3d 544, 547 (Ky. 2015). Because the essential facts in this case relevant to this appeal are uncontradicted, our review has focused primarily upon the trial court's application of the law to the facts. Our review proceeds accordingly.

ANALYSIS

We begin our analysis by addressing what Mardis is *not* contesting in this appeal. He does not contest FedEx's temporary detention of the package until KSP and Brittany were contacted. He does not contest that he was the one who addressed and sent the package to Brittany at an address she had not resided at in over one year (*i.e.*, the former marital home where Mardis still resided).[3] He does not contest that the first package contained ten pounds of marijuana and one pound of psilocybin mushrooms; nor does he contest the second package contained thirteen pounds of marijuana. He also admits that, after the canine alerted the police to the presence of controlled substances, KSP had probable cause to obtain a warrant – although they did not – and then search the packages. He does not

---

[3] *See* Mardis' brief in support of his motion to suppress, filed in the trial court on November 12, 2022, at 1, which states, in relevant part, that "[t]he package was sent from Nevada City, California by Ronnie Mardis." *See also* the presentencing investigation ("PSI") report contained in the record which states, in relevant part, that, after receiving *Miranda* [*v. Arizona*, 384 U.S. 436 (1966)] warnings by law enforcement, Mardis "admitted to the package belonging to him, and told units how much he spent to purchase the marijuana and mushrooms, and stated he was the one who sent it from California." October 10, 2023, PSI at 7. We acknowledge the potential for hearsay within the PSI and note that our decision does not hinge on its contents. However, we also note that Mardis did not object to the contents of the PSI at his sentencing hearing.

contend that Brittany's consent was obtained by KSP through coercion or deception. Rather, Mardis presents two interwoven arguments on appeal. First, he asserts that Brittany did not have authority to consent to the search of the packages. He also argues he had a reasonable expectation of privacy regarding the contents of the packages because they were addressed to his home address.[4] For the reasons stated, we disagree.

> A search conducted without a warrant is presumed to violate the Fourth Amendment of the United States Constitution unless it satisfies the criteria of certain exceptions. *Cook v. Commonwealth*, 826 S.W.2d 329, 331 (Ky. 1992) (*citing Coolidge v. New Hampshire*, 403 U.S. 443, 91 S. Ct. 2022, 29 L. Ed. 2d 564 (1971)). One of those exceptions is consent. *Id.* Consent is valid if the person giving it has "authority over or other sufficient relationship to" the effects that are being searched. *Butler v. Commonwealth*, 536 S.W.2d 139, 140 (Ky. 1976) (quoting *United States v. Matlock*, 415 U.S. 164, 171, 94 S. Ct. 988, 993, 39 L. Ed. 2d 242 (1974)).

---

[4] Both Ronnie and the Commonwealth frame this argument as one of "standing." However,

> [t]he concept of standing is a misnomer for Fourth Amendment analysis. *Minnesota v. Carter*, 525 U.S. 83, 88, 119 S. Ct. 469, 142 L. Ed. 2d 373 (1998) ("[I]n determining whether a defendant is able to show the violation of his (and not someone else's) Fourth Amendment rights, the definition of those rights is more properly placed within the purview of substantive Fourth Amendment law than within that of standing.") (internal quotation marks omitted). More properly, a court must determine whether a defendant, such as McCloud, "had an actual, subjective expectation of privacy, and second, whether that expectation was a legitimate, objectively reasonable expectation." *United States v. Smith*, 263 F.3d 571, 582 (6th Cir. 2001).

*McCloud v. Commonwealth*, 286 S.W.3d 780, 784 n.4 (Ky. 2009)

> **Authority can be either actual or apparent**. *Colbert v. Commonwealth*, 43 S.W.3d 777, 784 (Ky. 2001). A warrantless search is lawful if the circumstances at the time of the search would "'warrant a man of reasonable caution in the belief' that the consenting party had authority[.]" *Illinois v. Rodriguez*, 497 U.S. 177, 188, 110 S. Ct. 2793, 2801, 111 L. Ed. 2d 148 (1990) (quoting *Terry v. Ohio*, 392 U.S. 1, 21-22, 88 S. Ct. 1868, 1880, 20 L. Ed.2d 889 (1968)).

*Hall v. Commonwealth*, 438 S.W.3d 387, 390 (Ky. App. 2014) (footnote omitted) (emphasis added). *See also* Section 10 of the Kentucky Constitution.

Mardis argues that because Brittany told Trooper Propes that she had no knowledge of the packages outside of the email messages received from FedEx, no knowledge of what was inside the packages, and did not live at the address on the packages, law enforcement could not have believed she had the authority to consent to the search of the packages. When evaluating the validity of consent, the trial court must determine whether law enforcement could reasonably believe from the available information that the consenting party had the authority to consent. *Commonwealth v. Nourse*, 177 S.W.3d 691, 696 (Ky. 2005). Because Brittany was listed as the addressee on the packages, she was also the intended recipient of the packages based on the information available to Trooper Propes at the time of the searches. In *United States v. Matlock*, 415 U.S. 164, 171 n.7 (1974), the Supreme Court recognized control as a factor to be considered when determining whether a person has authority over property. Once FedEx delivered the packages to Brittany

as the recipient to whom the packages were addressed, she had control over the packages and, therefore, the authority to consent to the searches. However, even if she did not have actual authority to consent, the search was still valid because it was reasonable for Trooper Propes to believe Brittany had apparent authority to consent to the search as the addressee on the packages.[5] Mardis' argument that the intended recipient was the *address* and not the *person* is unavailing and has no basis in law or fact.[6] Mardis also ignores the uncontested fact that *he* addressed the packages *to Brittany*, not simply to the home address.

We now address whether Mardis "had an actual, subjective expectation of privacy," and, if so, "whether that expectation was a legitimate, objectively reasonable expectation." *Smith*, 263 F.3d at 582. "Whether a legitimate expectation of privacy exists in a particular place or item is a determination to be made on a case-by-case basis." *United States v. King,* 227 F.3d 732, 744 (6th Cir. 2000) (citation omitted). Additionally, Mardis "must prove

---

[5] "Even if a third party does not possess actual common authority over the area that was searched, the Fourth Amendment is not violated if the police relied in good faith on a third party's apparent authority to consent to the search." *United States v. Gillis*, 358 F.3d 386, 390 (6th Cir. 2004).

[6] Although Mardis argues extensively that mail and package couriers frequently leave packages at the addresses on the packages without knowing if the addressee resides there, he fails to acknowledge that the same couriers often hold packages for pick up by the addressee and that people frequently receive unexpected packages.

that he expected privacy and that he took normal precautions to protect his privacy." *Easterling v. Commonwealth*, 580 S.W.3d 496, 503 (Ky. 2019).

First, Mardis provided his name and Kentucky residence as the return address on the packages when he shipped them from California to Kentucky. He also provided Brittany's name, (with *his* address) as the recipient, presumably so the package would still be delivered to his residence per the return address even if it was undeliverable to Brittany. Assuming *arguendo* that Brittany also had a reasonable expectation of privacy as the addressee, as previously stated, she waived the expectation when she provided law enforcement with a valid consent to search the packages. Further, once Mardis filled the packages with illicit substances, addressed them to an addressee who did not reside at the stated address, and handed the packages over to FedEx, a private courier, he lost a reasonable expectation of privacy with respect to any actions taken by FedEx due to the mislabeling. *United States v. Lichtenberger*, 786 F.3d 478 (6th Cir. 2015) provides, in relevant part:

> [T]he Fourth Amendment only protects against "governmental action; it is wholly inapplicable 'to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official.' " [*United States v. Jacobsen*, 466 U.S. 109 (1984)] (quoting *Walter v. United States,* 447 U.S. 649, 662, 100 S. Ct. 2395, 65 L. Ed. 2d 410 (1980) (Blackmun, J., dissenting)); *see also id.* at 115, 104 S. Ct. 1652 ("The initial invasions of [defendants']

> package were occasioned by private action. . . . Whether those invasions were accidental or deliberate, and whether they were reasonable or unreasonable, they did not violate the Fourth Amendment because of their private character.") (footnote omitted).

*Lichtenberger*, 786 F.3d at 482.

As indicated previously, Mardis does not contest the actions of FedEx. Accordingly, Mardis waived any expectation of privacy when he turned the packages over to FedEx. Additionally, by falsely addressing the packages to Brittany, Mardis engaged in a fraudulent scheme to illegally ship illicit substances which legally negated any expectation of privacy Mardis may have had. *See, e.g.*, *United States v. Barry*, 673 F.2d 912, 919 (6th Cir. 1982) (a person who mails drugs under circumstances likely to arouse suspicion increases risk of exposure and thereby degrades the reasonableness of his expectation of privacy).

As the addressee on the packages, Brittany had authority to consent to search of the FedEx packages by law enforcement. As a result, the evidence obtained from Mardis' residence following execution of a search warrant obtained based on the contents discovered in the packages is not "fruit of the poisonous tree." The search warrant and the subsequent search of Mardis' residence were valid.

For the foregoing reasons and grounds stated, the Judgment and Sentence on Conditional Plea of Guilty entered by the Marshall Circuit Court is affirmed.

ALL CONCUR.


BRIEF FOR APPELLANT:

Chris Hendricks
Murray, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

James Havey
Assistant Solicitor General
Frankfort, Kentucky